1⅛ Chief Justice
delivered the opinion.
Ifimei séed eat of the clerks office of (be Breckenridge^ *413 circuit court, a fieri facias against Holmes’ adtnirtrstrafor, directed to the sheriff ot Hardin county. This execution was pul into the bands of George Helm, who returned that there was no estate in the hands of the administrator wherebv this execution or any p'áft of it could be satisfied, and hé signed the return as dep’y sheriff, Cot R. C. Sl&ugb-ter as sheriff of Hardin county, but the execution was not returned to the clerks office of the Breckenridge circSit court lor more than one month after the return day.
The return of a pi rson styling him; sett depu'.y sheriff, wilt not subject the principal unless it is shewn that such person is deputy sheriff, tho’ the deputy himseif wouid he es-tope d V» ie ny the cikr acter a?sum, ed.
For this failure, Barnes, oh motion made by him in the Breckenridge circuit court, obtained a judgment against Slaughter for the amount of the execution and thirty per cent, thereon, to reverse wbicb, Slaughter prosecutes this writ of error.
It appears from a bill of exceptions, taken by Slaughter, to the decision of the codrt below, which contains the whole evidence given on the trial, that there was no express proof that Slaughter was the sheriff of Hardin county or that Heim was bis deputy, unless the return on the exe cution be considered as such. This, vie Suppose, cannot in a case ©f this sort be dope. It is undoubtedly a general rule, that the return of a sheriff or his deputy, is to be taken as true, .and in most eases tricontrovertibly So, but to have that effect it must be ascertained that the sheriff or bis deputy made the return. The return itself, indeed, must, for all the purposes of the case in which it is made, be sufficient to establish the fact, that it was the sheriff or his deputy who oihde the return. But this results from the necessity of the thing, for otherwise ho suit eould progress to a determination, or if it did, it would be with great difficulty and embarrassment.
But the same reason does not apply to the case where one is proceeded against á sheriff for the breach of an official dirty. His own return, it is Hue, would be conclusive evidence against bite of the fact of his being sheriff, for his return would be proof of bi§ having acted in that character, and be would be estoped to deny th'e character which he bad assumed. So in a proceeding against the deputy, his return would in like mariner conclude him.
But the return of a person as deputy, cannot in a suita-gaicst another as principal, be admitted tt> be evidence either of the fact that the latter is the principal sheriff, or that the former is his deputy.
But it is contended that as the sheriff is a public officer *414 he must be presumed to be known as such without aey ek*-proof to that purpose. This may be true is to the' sheriff, but it cannot be so as to the depuiy, for he is Dot appointed and commissioned in the same public manRer as sheriff. His appointment is made aud re-, voked at the pleasure of the sheriff, and he who is deputy to day may not be so to-morrow. Aud in this case it is not sufficient to authorize a judgment against Slaughter to shew t!jat he is sheriff, but it must alsa be shewn that Heim was his deputy at the lime he received and returned the execution, for if he was not his deputy, Slaughter cannot be responsible for his acts.
•be'S'bimnf a pubiic offi cei, will be out proof; no', so of a deputy m an sutyTct\be piimipat for his acts.
Crittenden for plaintiff, Hardin for defendant.
The judgment must therefore be reversed with tests, and the cause be remanded tnat a judgment may be entered a~ mending the motion.