*132 .Opinion op the Court,
by Judge Owsley.
THIS writ of error is prosecuted to reverse a judgment recovered against Poague, as sheriff of Greenup on the motion of Culver, as paymaster of the 70th regiment of the Kentucky militia,
The motion was made at the December county court, ig21, for the purpose of recovering the amount of militia fines placed in the hands of William Ward for collection, the 6th of May, .1820. On the trial in that court, the receipt of William Ward, who signed his thereto as deputy sheriff, for John Poague, sheriff of Greenup county, was produced in evidence ; but *133 there was no evidence other than what the receipt contains, to prove that Poague was, in fact, sheriff of Green-up, or that Ward was his deputy; nor was there any evidence, that Thompson Ward, to whom the receipt purports to have been given, was commandant of the regiment.
But if he afrecollection of them, he is jl°unti1’ ed in due
g ^ . sjgnedTy'a person stylins himself sufficient8evh dence that such person is j®pa*y’in or‘ the principal!
A deputy “P®* ,b? ac]' court, but he may be dis-pl?ce.d bFtfle without1 the co-operation °f the court,
The count court may, m a motion at(¡h(fter_ mine the fact whether he is sheriff or not, without the introduction of evidence.
*133 _ _ Ihe judgment against Poague is obj'ected to on rious grounds: First, it is contended, that upon the receipt of May, 1820, for militia fines assessed in 1819, no motion can be sustained against Poague, or if it can be sustained at all, it must be after the first of January, JQ22. '
This objection is taken upon the ground, that under the act in relation to militia fines, the commandants regiments should place the fines for collection in each year, in the hands of the sheriff, against the first of February. It is, no doubt, strictly speaking, the duty of the commandant to place the fines assessed in one year, into the hands of the sheriff for collection, against next succeeding February, and on his failure to do so, we apprehend, the sheriff would not be bound to receive and receipt for the fines, so ás to be accountable for the collection against the succeeding January; but the law has enjoined it as a duty upon both principal and deputy sheriff, to receive and receipt for militia fines, and though the commandant may fail in not clelivering them in the time prescribed by law, either the principal or deputy may afterwards receive them, and by their receipt undertake the collection, as if they had been delivered in proper time, and such seems to be the import of the receipt given by Ward.
It is also objected, that the evidence is insufficient to prove that Ward, who receipted for the fines, was the deputy of Poague. ■
_ We have already observed, that the only evidence of Ward’s being the deputy of Poague, is contained in the receipt which was given by him for the fines. It is evident, however, that receipt forms no legitimate evidence of the fact, in a proceeding against Poague. The receipt of a person styling himself deputy, surely can form no better evidence against the principal, than would the return on an execution, by a person styling himself deputy; and in the case of Slaughter vs. Barnes, 3 Marsh. 412, it was decided, that a return upon an execution, by a person styling himself deputy, was no ev *134 idence of the fact of his being deputy, in a proceeding against the principal sheriff. It is true, that was a case not brought and decided upon in the court of the county in which the person making the return, appeared to have acted in the capacity of deputy; whereas this case was decided by the county court of Greenup, where, from his receipt, Ward appears to have acted in the capacity of deputy sheriff. But, we apprehend, that circumstance cannot take the present case out of the operation of the decision of the case cited. It might possibly do so, if the appointment of a deputy sheriff could not be revoked by the principal, otherwise than by an order of the court of the county in which he was appointed; for, as a deputy, before he acts, must take the necessary oaths of office in the county court, it is rational to suppose, that the justices who compose the court of the county, know whether or not any person styling himself deputy has taken such oaths, and, o course, they ought to be presumed to know, whether or not his appointment has been revoked by their order. But we know of no law that makes an order of the county court necessary to revoke the appointment of a deputy sheriff. The deputy acts for and in the name of the principal, and may be displaced at any time, at the will and pleasure of the principal The appointment of a deputy may be revoked without the co-operation or knowledge of the court; and whether or not it has been done, is a fact which the court cannot be presumed to know.
In a motion to recover judgment for a failure to collect militia fines, it must be proved that the person to whom the receipt was given was commandant of the regiment.
. It was, therefore, incorrect to render judgment against Poague, without other evidence of Ward’s being his deputy, than that which the receipt of Ward imports. But as the cause must be remanded to the court below, it may, in answer to other objections taken in this court, to the decision of that court, be proper to remark, that the county court of Greenup must be presumed to know whether or not Poague was sheriff of that county, and, consequently, may determine that matter, without the introduction of any evidence.
But before judgment can be regularly rendered against Poague, as sheriff, evidence must not only be introduced tó prove Ward to have been his deputy, but there should also be evidence produced to show that the person to whom the receipt was given by Ward, was the commandant of the regiment.
*135 The judgment must be reversed with costs, the cause remanded to the court below, and a further trial be there had upon the evidence which may be introduced by each party.