The Counsel for the defendant, presented a petition for a re-hearing.
From the opinion delivered, by the court in this cause, the counsel for the defendant, have been admonished, that they had relied With too much confidence in their brief, and in the. argument upon a few leading-questions involved, which hacTsuperinduced a neglect to present to this court, all the matters arising out of the record. Some were consequent3yomitted,of no less, importance than the present.
It was believed to. he absolutely necessary, that the bill of exceptions should state, that it contained the whole of the evidence, to. enable the appellate court to decide upon any questions of law, growing out of the evidence. From the loose and careles manner displayed in the exceptions, such must have been the opinion of the counsel for Thompson, in the court below. It would seem to be a rule of right reason, the nature and effect of a whole cannot be known or ascertained from apart, with sufficient precision for judicial certainty. From a part of the evidence in a cause, one legal deduction would arise, when from the *229 whole an entirely different conclusion would result. In this case, there may be enough, when considered by itself, to satisfy the mind of the judge, that it should have been left to the jury, to decide upon its right. But was it not susceptible of being explained, and reconciled by the testimony of the same, or other witnesses, or other evidences, so as to render the opinion of the inferior court, compatible with the established principles of law. It is true that the bill of exceptions, after reciting some evidence, uses this language. Whereupon the defendant, moved the court to instruct the jury, that if they believed the evidence aforesaid, they must find for the defendant. This we apprehend, is not tantamount to this declaration, that it constituted all the evidence in the cause. If the court upon a part of the evidence, should improperly instruct the jury, which instruction, would have been proper upon the whole; or if the jury should upon the whole evidence find a correct verdict, notwithstanding improper instructions of the court, founded upon a part, no principle is perceived, to exist, upon which this court should interfere with such verdict.
Petition for a re-hearing.
This court has, in their opinion, assumed the position that “the hinge on which the whole case must hang, is the fact of fraud, or no fraud, in the mortgages, and the sale of the equity of redemption.” In this we conceive the court has erred. It is an action on the case, against a sheriff, for a false return upon an execution of the plaintiff’s, alleged to have been made by a deputy of the defendant. The plea of not guilty, put the plaintiff; upon proof of every allegation in his declaration material to his right of recovery, or cause of action. It was necessary among other things that the plaintiff should prove, that the defendent was sheriff, at the time the execution was in force. And that Smith was his deputy, atthe time the execution was in his hands. Upon his failure to adduce evidence, conducing to prove these facts, is was proper for the court to instruct the jury, that the plaintiff had not made out his cause of action, and that they should find for the defendant. We think it may be safely assumed as a correct principle, that in every case, when one sues, in an official character, he must, to entitle him to a recovery, shew that he held the office. Thus on amotion *230 by a paymaster, against a deputy sheriff, for failing to account for militia fines, put into his hands for collecit was held to be indispensable to a recovery, that the plaintiff should prove himself to be pay master. Helm vs. Haycraft; 2 Litt. 271.
Petition for a re-bearing.
So in a proceeding against one, for a failure in his official duty, it is necessary, first to shew, that he held or exercised the office, otherwise, the proceedings cannot be maintained, Different grades of proof maybe resorted to, for this purpose. If it be an office of record, the best evidence would bé the authenticated transcript of his qualification in the manner required by Jaw. But proof, that he exercised the office, and claimed and enjoyed the advantages, and privileges thereof, has been held sufficient to charge him. If he is charged with acting in person, then fils return, or other official writing, in the particular case, may be used as evidence against him. It operates as an estoppel. But if, as in this case, he is proceeded against, on account of the act of his deputy, the record should present evi* dence of his being sheriff; and of the person alleged, being his deputy, to entitle the plaintiff to recover, the general notoriety of the office of sheriff, and the officer who fills it, would be dangerous grounds upon which to hold one liable, in an official character. It is true that the community of a county, may generally know in every year, who is the sheriff; but very few do know, when the right to exercise the office, commences, and when it terminates. If it were not competent for the jury, in this case, to act upon their own knowledge, or upon general notoriety, as evidence, then there is none in the cause conducing to shew, that when the plaintiff’s execution, was putinto the hands of Smith, that Thompson, was sheriff of Scott county, as alleged by theplaintiffin his declaration.
We think it is very clear that there is no evidence in the cause, conducing to shew, that Smith was the deputy sheriff, for David Thompson, sheriff of Scott county. The principle is too well settled in this court, to be now discussed, that acts of one styling himself deputy, either by words or writing, are insufficient to charge the principal. They may be good against himself, but against himself alone, so far as the responsibilities of office are concerned.
Petition for a re-hearing¡
Slaughter vs. Barnes; 3 Mar. 412; was a proceeding by motion against the sheriff, for failing to return an execution in the time required by law. The court remarks, there was no express proof, that Slaughter was the Sheriff of Hardin county, or that Helm was his deputy, unless the return on the execution, be con-considered as such, and decides that “the return of a person as deputy, cannot, in a suit against another, as principal be admitted to be evidence, either of the fact; that the latter is the principal sheriff, or that the former is his deputy.” The same doctrine is sanctioned and confirmed in the case of Poague vs. Culver, 5 Litt. 132, relative to a receipt, executed by one, styling himself deputy, &c.
Having disposed of the returns, &c. of the deputy; as constituting no evidence, conducing to make out the, plaintiff’s case to that point, and recurring, to the record we find in the bill of exceptions, it is stated that the plaintiff proved, that after the writ of fi, fa, upon said judgment in favor of the plaintiff, was ordered, the said Asa Smith, as deputy of the Sheriff of this county, was ordered to levy, &c. and said Smith replied; &c.”
To prove that Smith was an acting deputy for Thompson, might be sufficient; but to prove, that some person regarded him as such, cannot be. Iiis returns solemnly entered in writing, do not conduce to proof, Sufficient to charge the principal? Can his replications or sayings, be considered as more imposing? If not, then there is no proof in the cause, that Thompson was sheriff, or that Smith was his d&puty; consequently, the' court below, did right to instruct the jury that, if they believed the whole of the evidence, they should find for the defendant*
The court is therefore respectfully solicited, to reconsider the opinion herein. The counsel regret; that they had not heretofore presented the point now mainly relied upon; as it imposes upon the court additional labour, when the burthens thereof are already peculiarly oppressive.
The court overruled the petition.