Judge Ewing
delivered the Opinion of the Court.
This was an action of debt, brought in the name of the Commonwealth, for the use of J. H. Geohegan, paymaster, against Robert English, one of the sureties of ])enton Geoghegan, high sheriff, on his official bond, for the defalcation of his deputy, Daniel K. Haycraft, m account for militia fines placed in his hands for collection.
The defendant pleaded, first — payment; second — that *235 the Court of assessment did not levy and assess the fines; third — that Haycraft was not deputy, and did not sign the list; and fourth — that William Morgan, who delivered the list, was not commandant of the regiment.
In an action against the surety of a sheriff, for the default of his deputy — a list of fines levied by a court of assessment, certified as the statute directs, by the judge advocate,is at least prima facie evidence of the assessment; and a receipt by the deputy sheriff acknowledging that the list was delivered to him, by the commandant is, in like manner, evidence that such person was in fact the commandant.
Tho’ a deputy sheriff was not not bound to ceive a list of mih'tia fines afterfhetimewithin which the com mandant was required to deliver them to thesheriff — yet, having received it while the fines were collectable by distress, it was His official duty to collect them: and the high sh'f is officially responsible for his deputy’s default in failing to pay over the money.
Verdict having been found for the plaintiff, on issues formed on the pleas, and a motion for a new trial overruled, the defendant has appealed to this Court.
The list of fines, purporting to have been assessed by a court of assessment, on the first Monday of November, 1832, signed by their president, and certified to be a true copy by James Miller, Judge Advocate of the third Regiment of Kentucky Militia, with the receipt of Haycraft thereon, acknowledging the receipt of the list, for collection, from William Morgan, commandant of the regiment, dated December, 1832, was produced, and read to the jury. And it was proven that Geohegan was sheriff, and Haycraft his deputy.
It is objected, for the first time here, that there was no proof in the Circuit Court, of the signature of Hajrcraft, to the receipt read to the jury. As no objection was made to the reading of the receipt in the Court below, but it was permitted to go to the jury and remain before them as evidence, the objection cannot be indulged in this Court. The failure to object there, must be regarded as a waiver of the proof. The presumption arising from the failure to object is, that the receipt was genuine; and had an objection been raised, it would have been proven. 2 Marshall, 613.
Nor do we think the Circuit Court erred, in instructing the jury, that the list of fines certified as before stated, and the receipt of Haycraft-, the deputy, endorsed thereon, were evidence of the facts that the fines listed, were assessed by the proper court, and that Morgan was the commandant of the regiment.
The statute (2 Statute Laws, 1177,) directs the manner in which the court of assessment shall be organized, and prescribes its duties, and directs the judge advocate to make out three fair lists of the fines assessed, and deliver them to the commandant of the regiment; one of which he shall deliver to the paymaster, another to the sheriff, and retain the third. These lists, authenticated *236 by the judge advocate, must be .taken as prima facie evidence, at least of their own authenticity.
And'the receipt of the deputy sheriff, executed to Morgan, as the commandant of the regiment, must also be received and taken as prima facie evidence that he was the commandant. When once proven to be deputy, then his receipts and official acts as such, must be evidence, not only against himself, but" against his principal.
And though the deputy may not have received the list, until a few days after the time, at which the law made it the duty of the commandant to deliver it to the sheriff; as the list was legally receivable, and the amount collectable by distress, though the deputy was not bound to receive it, as he did do so, the collection was an official duty, and his principal officially responsible for his failure to pay over, as was determined by this Court in the case of Poague vs. Culver, 5 Littell 133, and other subsequent cases.
Judgment affirmed, with costs.