CASE 99—PETITION EQUITY—JUNE 18.

# Commonwealth v. Chinn, &c.

### APPEAL FROM FAYETTE CIRCUIT COURT.

1. RECITALS OF STATUTE AS EVIDENCE.—As against the Commonwealth and as against the person for whose relief a statute was passed, the statute is evidence of the facts which it recites, but it is not evidence as against strangers.

2. SAME—EVIDENCE AS TO POPULATION OF COUNTY.—The fact that a county has been created by the legislature a separate judicial district under sec. 138 of the constitution, which requires that the county shall have a population of forty thousand in order that this may be done, is not evidence that the county has that great a population except for the purpose of upholding that particular statute, and is therefore not sufficient to bring the officers of the county within the operation of section 1776 of the Kentucky Statutes, which provides that in each county having a population of over forty thousand and under seventy-five thousand the salary of each of several county officers shall be limited to $3,000 per annum, after paying deputies and other expenses, the fees of such deputies to be fixed by the county judge.

WM. J. HENDRICK, ATTORNEY GENERAL, FOR APPELLEE.

The county of Fayette having been made a separate judicial district upon the legislative faith that it had a population of 40,000 or more and having obtained valuable rights, privileges and concessions on this asserted fact, she can not now be heard to deny the said population.

J. R. MORTON AND BRECKINRIDGE & SHELBY FOR APPELLEES.

1. The legislature is not prohibited from instituting a county having a population of less than 40,000 a separate district. (Kentucky Statutes, sec. 1776.)

.2. The legislative action as to Fayette county is conclusive only that. at the time of the passage of the act and for the purposes of that act the county had a population of 40,000, and is not evidence for any purpose that such was its population at any different time. (Wharton on Evidence, sec. 635.)

3. Though the act of the legislature in making Fayette county a separate district should be conclusive that the population of that county is as much as 40,000, which is as far as the conclusion could possibly extend, still section 1776 of the Kentucky Statutes does not affect the appellees, since it applies only to counties having a population of more than that number. (Constitution, secs. 128, 138; Rex v. Green, 33 Eng. Com. Law Rep., 145, 6 Adolph & Ellis, 564; R. v. Sutton, M. & S., 532.)

JUDGE GRACE DELIVERED THE OPINION OF THE COURT.

This appeal arises upon a rule sued out by the county attorney of Fayette county against C. C. Chinn, the county clerk, and E. T. Gross, the sheriff of said county, requiring them to appear before the judge of the county court on the twenty-ninth day of January, 1895, to show cause why they should not name their several deputies in their respective offices, so that said county judge might fix the salaries of same, all this pursuant to sec. 1776 of the Kentucky Statutes. And all looking to a limitation of the fees of said officers respectively, as contemplated in said section.

Said section provides that "in each county having a population of over 40,000, and under 75,000, the salary of the several officers, jailer, county clerk, sheriff and others shall be limited to $3,000 per annum, after paying the expenses incidental to said offices respectively, and the deputies that may be necessary to discharge the duties of such office, the fees of such deputies to be fixed by the county judge of each county respectively."

To this rule a response was filed setting up affirmatively that the population of Fayette county was less than 40,000; that it had never been as much as this.

To this answer a reply was filed, and without denying that the population of the county was, in fact, less than 40,000, said, that, under the provisions of the constitution of Kentucky, sec. 138, it was provided that "each county having a city of 20,000, and a population, including said city, of 40,000, the same may be constituted a district," meaning a judicial district. And then said reply further saying that under this section the legislature had in the division of the State into circuit court districts, constituted the county of Fayette into a separate district, and established a court therein of continuous session, pleading same as conclusive of the question of population, and that the *county, therefore had the requisite number*.

To this reply a demurrer was filed and sustained, and no further pleading being offered, and no evidence, the courts below both county and circuit, dismissed the rule, and hence this appeal.

It will be noticed that under this sec. 1776 there is neither preamble nor recital in the act of the legislature that the county of Fayette contains a population of 40,000 or over, neither is this affirmed of any other county in the State.

Neither is this enactment limiting the fees of the several county officers in counties having a population of over 40,000, and under 75,000, passed in pursuance of any express provision of the constitution.

The only provision directing expressly the fees of the county officers to be fixed on a salary basis is the 106th section, and by this it is provided that "the fees of county officers shall be regulated by law.' In counties or cities having a *population of 75,000 or more*, the county officers, naming them, shall be paid a salary to be fixed by law, but not to

exceed seventy-five per centum of the fees collected by said officers respectively.

We do not doubt, however, the authority of the legislature to classify the other counties of the State, and to fix a salary for the respective county officers (as in this case), taking care to make it general, and not obnoxious to the several provisions of the constitution inhibiting special legislation.

It is only by inference that it may be supposed that the legislature assumed that the county of Fayette had this population of 40,000, from the fact that, under sec. 138, it created this county into a separate judicial district, as it did also the counties of Kenton and Campbell, and under like presumption, of a population of over 150,000, it created the county of Jefferson a separate circuit court district, with four judges.

And yet the question remains as to what effect this action of the legislature had on the particular question before us. That is, whether this assumption, under a section of the constitution as to courts, of a population of a certain amount, is conclusive or even *prima facie* evidence as to these officers, who are strangers to that act.

It will be noted that in this chapter 48 of the Statutes, wherein this section 1776 as to the fees of these officers appears, there is no provision made for ascertaining the population of the respective counties of the State wherein it may be supposed this statute is to apply.

Speaking of the effect of recitals of matters of fact in legislative acts Mr. Wharton, in his work on Evidence, section 635, speaking of both the English and American rule, says: "A public statute has been held admissible in evidence to prove the facts which it recites. Thus it has been held that a recital of a state of war, contained.

in a public statute, is evidence of such war, and a recital in a statute of public disturbance and riots is proof of such disturbance and riots. But such proof is only *prima facie.*"

In section 636 the author says: "As long as in England the passage of private statutes was conditioned on the approval of the judges, recitals in such statutes were admitted as evidence of the facts, which they stated. When, however, this pre-requisite was no longer insisted on, such recitals were held only to imply notice in the parties, *such notice not reaching to strangers.*" Such is no doubt the rule in the United States, as against the party for whose relief the statute was passed. And as against the State such recitals are *prima facie* proof, *but they are not evidence against strangers.*

The author cites both English and American cases in support of this doctrine.

In a case in 3 Litt., 472, Elmondorff v. Carmichael, this doctrine is announced: "The facts recited in the pre-amble of a private statute may be evidence between the Commonwealth and the applicant, or the party for whose benefit the act was passed, but as between the applicant and another individual, whose rights are affected thereby, the facts recited ought not to be evidence."

So, that, while we conclude that the act of the legislature in creating separate judicial districts in the counties of Fayette, Kenton, and Campbell, respectively, is not to be questioned as to the authority, power and jurisdiction of said courts, yet such act can not be received in evidence, nor have any decisive influence as to county officers of said counties. These hold their several offices by reason of separate independent constitutional provisions, the same applicable alike to all counties of the State, without reference to popu-

lation. And as to the action of the legislature in creating the county of Fayette into a separate judicial district they are strangers and not bound thereby.

As to whether the county of Fayette has 40,000 population, so as to embrace her county officers, and thus to limit them in the amount of salary to be received by them, different and less than the fees received by officers of other counties in the State, is a question of fact, and when disputed, must be determined by evidence like any other fact that may be the subject of judicial inquiry.

And in this case the fact being disputed, and no evidence being offered by the State, it was proper to dismiss the proceeding.

Judgment affirmed.