CASE 68—AGREED CASE—DECEMBER 11.

# Winston, Commissioner, Etc. v. Stone, Auditor.

APPEAL FROM FRANKLIN CIRCUIT COURT.

1. PUBLIC OFFICERS—STATUTORY CONSTRUCTION.—The provisions of sections 1761—1764 with reference to certain officers and their deputies in counties of this State having a population of 75,000 or over, and requiring monthly reports by them to the auditor of public accounts, apply to the commissioner and receiver of Jefferson county, that being the only county in the State having such population.

2. CONSTITUTIONAL LAW—DELEGATION OF AUTHORITY.—Section 1762 is not unconstitutional because it delegates the power to the circuit court and county court to fix the number and compensation of deputies of certain public officers and the amounts to be allowed for their office expenses.

3. CONSTITUTIONAL LAW.—The provisions of the sections referred to are not unconstitutional as violative of section 59 of the Constitution, forbidding local or special laws, because they apply to only one county; the statute in fact applies to all counties of the same class, and is not special legislation because there happens to be only one county of that class in the State.

W. S. PRYOR FOR APPELLANTS.

1. The provisions of sections 1761-1765, Kentucky Statutes, are unconstitutional because they attempt to discriminate as to the compensation allowed the commissioner of the Jefferson circuit court and that allowed commissioners in other circuit courts of the State, and are in direct conflict with the provisions of section 59 of the Constitution, because they make it apply to only one county in the State and it is therefore special legislation.

2. This court, in The Commonwealth v. Chinn, 97 Ky., was considering the fees of a county officer specially named in section 106 of the Constitution, and the fact that such officers as commissioners and receivers were not mentioned in that section clearly indicates a purpose to exclude them from its provisions, and they were not deemed in fact county officers.

DODD & DODD ON SAME SIDE.

1. The case of Stone v. Wilson, 19 Ky. Law Rep., 126, is essentially different from the one at bar in these respects:

(a.) Commissioners and receivers are neither district nor county officers, but agencies of and officers of the court appointing them.

(b.) County clerks are constitutional officers, while commissioners and receivers are not.

(c.) The fees of county clerks are fixed and regulated by general law, while the fees of the commissioners and receivers are in the main what the court may allow them in a particular case.

(d.) Section 1776 of the Kentucky Statutes permits county clerks to retain the full extent of their fixed salaries and expenses of office, and only requires them to account to the auditor for the surplus, while section 1764 does not allow the commissioner or receiver the right to retain anything whatever.

(e.) Section 1776 allows the clerks all of their fees if the same be

Winston, Commissioner, etc. v. Stone, Auditor

necessary to pay their salaries and expenses, while section 1764 imposes upon the commissioners and receivers the absolute toll, or take out, of 25 per cent. on every dollar collected and received by them, and compels them to look to the treasury for restitution of not more than 75 per cent. of the amount collected and paid in by them.

((f.) So much of the opinion in the Wilson case as refers to commissioners and receivers was neither necessary or proper to a decision of that case and was *obiter dictum.*

W. S. TAYLOR FOR APPELLEE.

1. It is immaterial whether the commissioners and receivers are county officers or not. The power which created the office and provided the method of election, or appointment, certainly has an inherent right to fix the compensation.

2. If they be not county officers, then the Constitution is silent as to how the compensation is to be fixed, and the legislature had the right to fix it in the manner it chose.

3. To classify the counties into classes according to population and fix the salaries of officers in one class different from that in another class is not prohibited by the Constitution. (Commonwealth v. Chinn, 97, Ky.) And the fact that there is only one county in a given class does not affect the rule, or make the law special.

JUDGE GUFFY DELIVERED THE OPINION OF THE COURT.

The agreed state of facts in this case were filed in the Franklin Circuit Court, and read as follows:

"Franklin Circuit Court.

"G. A. Winston, Commissioner of Jefferson county, and D. W. Johnson, Receiver, plaintiffs, against S. H. Stone, Auditor, defendant.

"It is agreed that S. H. Stone is the auditor of public accounts for the State of Kentucky, and that G. A. Winston is the commissioner of the Jefferson Circuit Court; that said Winston qualified as such commissioner January 4, 1897.

"Official copies of the Jefferson Circuit Court are attached to this agreement. It is admitted that Jefferson county has

a population of over 75,000 inhabitants, and further, it is the only county that at the present has such population.

"The defendant, Stone, contends that it is plaintiff's duty, on the first day of each month, to send to him, as auditor of public accounts, a statement, subscribed and sworn to by plaintiff, showing the amount of money received or collected by or for him the preceding month as fees or compensation for official duties, and with such statement send to him (the auditor) the amount so collected or received. The auditor further contends that upon the filing of said report and the payment of said money that it is then his duty to pay to the said plaintiff a sufficient sum to pay his salary and the salary of his deputies and the expenses for the month, the entire sum so paid not to exceed 75 per cent. of the amount of fees paid in, and not in any event to exceed $5,000. The plaintiff, Winston, contends that he is not required by law to make said reports and pay said fees into the treasury, and that the auditor has no legal right to pay him a sum as his salary, etc., equal to only 75 per cent. of the amount so paid in. In other words, he contends that article 18, chapter 47, sections 1761, 1762, 1763 and 1764 does not apply to him, and, if it does, it is unconstitutional.  It is further admitted that plaintiff, D. W. Johnson, is the receiver for Jefferson county. Stone makes the same contention as to Johnson, that he does as to Winston; that is, that article 18 of the Kentucky Statutes applies to said Johnson.  Johnson makes the same contention that Winston does, insisting that said law does not apply to him, and, if it does, same is unconstitutional. S. H. Stone says that this controversy is real and the proceedings in good faith to determine the rights of the parties. All of which is submitted for judgment."

The Franklin Circuit Court rendered the following judgment:  "The court adjudges that article 18, chapter 47, sections 1761, 1762, 1763 and 1764 applies to both Winston and Johnson, and that these sections are constitutional.  It is, therefore, adjudged that the said Winston and Johnson pay the cost of this proceeding, and that the auditor may have execution, from which Winston and Johnson each pray an appeal, which is granted."

It is the contention of counsel for appellant that sections 1761 to 1764 of Kentucky Statutes, inclusive, do not apply to the appellants, or, if they do so apply, that they are inoperative or invalid because in conflict with the Constitution, and operate to impair or deprive the said court of the inherent powers and machinery necessary to its own existence.  Sections 1761, 1762, 1763, and 1764 read as follows:

"Section 1761. Officers in Counties With 75,000 Population to Report Fees Collected.—The clerk of the circuit court, the clerk of the county court, commissioners, receivers, examiners and the sheriff of each county having a population of 75,000 or over, shall, after the terms of the present incumbents respectively expire, and on the first day of each month, severally send to the auditor of public accounts a statement, subscribed and sworn to by each of them, showing the amount of money received or collected by or for each of them the preceding month as fees or compensation for official duties, and shall with such statement, send to the auditor the amount so collected.

"Section 1762. Salary of Chief Officers—Number of Deputies and Compensation, How Fixed.—Each of the officers mentioned in the preceding section shall receive an annual

salary of $5,000, and the number of deputies allowed to each
of said officers, and the compensation to be received by each,
except the chief deputy, and the amount, if any, allowed for
the necessary expenses of the office shall be regulated and
fixed by an order entered upon the order book of the circuit
court and county court, and signed by a majority of the
judges of said courts; and a certified copy of said order shall,
as soon as entered, be forwarded to the auditor of public ac-
counts, as shall a copy of any subsequent changes made
therein.

"Section 1763. Salary of Deputies—Maximum Allowed.—
The salary of the chief deputy of each of said officers shall
be $2,000 per year, and the salary of each of the other depu-
ties shall be fixed at a reasonable amount, not exceeding
$1,500 per year.

"Section 1764. Salaries—When and How Paid.—The sal-
ary of each officer, his deputies and expenses of office, shall be
paid monthly by the treasurer of the State upon the warrant
of the auditor, made payable to the officer. If 75 per cent.
of the amount paid into the State treasury in any month is
not sufficient to pay the salaries and expenses for that
month, the deficit may be made up out of the amount paid
in in any succeeding month; but in no event shall the amount
paid by the auditor to any officer for salaries and expenses
exceed 75 per cent. of the amount paid into the treasury
each month by such officer during his official term."

It seems perfectly manifest that the sections *supra* apply
to the appellants, and that unless the acts are unconstitu-
tional the judgment appealed from should be affirmed. It is,
however, contended for appellants that the sections are un-

constitutional; first, because of the supposed delegation of
legislative power, or at least an unauthorized power to an-
other tribunal, which in this case has been delegated, so far
as any power has been delegated at all, to the circuit court
and county court of Jefferson county. It seems to us that
the opinion of this court in the case of Stone, Auditor, v.
Wilson, 19 Ky. Law Rep., 126, conclusively settles that it is.
not unconstitutional for the Legislature to delegate to a ju-
dical tribunal the power to fix the number of deputies and
the salaries in question. In the opinion *supra* the court said:
"The framers of the Constitution authorized the Legislature
to provide for the enforcement of the section of the Constitu-
tion under consideration, as well as to regulate the fees of
the officers, and this being true the Legislature had the
power to do so in a proper and effective manner, and the
courts of the county in which the officer resides, or of which
he is an officer, has an excellent opportunity to know the
number of deputies needed, and what would be just and
proper salaries of such deputies; hence it was eminently
proper to confer such power as we find conferred under the
sections of the statute referred to."

The contention of appellants that the statute in question is.
not constitutional because it applies only to counties having
a population in excess of 75,000, and is, therefore, in viola-
tion of section 59 of the present Constitution, can not be
sustained. The statute in question applies alike to all coun-
ties of the same class, and is, therefore, not in conflict with
section 59 of the Constitution. That identical question was.
considered in the case of Stone, Auditor, v. Wilson, herein.
referred to. In that opinion, the court said: "Local or spe-

.cial legislation, according to the well-known meaning of the words apply exclusively to special or particular places, or special and particular persons, and is distinguished from a statute intended to be general in its operation and that relating to classes of persons or subjects."

The same section of the Constitution was discussed and considered in Commonwealth, &c., v. E. H. Taylor, Jr., Co., 101 Ky., 325.

The court in discussing clause 15 of section 59 said: "It is most earnestly insisted as an objection to the validity of the act in question that it is a special, local law, conflicting with section 59 of the Constitution, which forbids, by clause 15, any law of that character in regulating the assessment and collection of taxes. It can not be contended that this law applies alone to the appellees, or to Franklin county, or to the seventh congressional district. It operates upon a multitude of property of like character owned by persons all over the State, and, in our judgment, it is neither local nor special, but general in purpose and detail, and most effective for securing to the State the revenue it seeks to collect."

It will be seen from the foregoing that the law under consideration in the last-named case was held not to be in violation of section 59 of the Constitution, for the reason that it applied to all property of that class wherever situated, and the principle therein announced is clearly applicable to the case at bar. It may be a fact that Jefferson county is the only county in the State having a population in excess of 75,000, but the statute in question would apply to all counties of that class within the State, and is clearly within the

principles announced in the two decisions hereinbefore re-ferred to.

Section 106 of the Constitution reads as follows: "The fees of county officers shall be regulated by law. In counties or cities having a population of 75,000 or more the clerks of the respective courts thereof (except the clerk of the city court), the marshals, the sheriffs and the jailers, shall be paid out of the State treasury, by salary to be fixed by law, the salaries of said officers and of their deputies and necessary office expenses, not to exceed 75 per centum of the fees collected by said officers, respectively, and paid into the treasury."

Section 107 of the Constitution provides that: The General Assembly may provide for the election or appointment, for a term not exceeding four years, of such other county or district ministerial and executive officers as may, from time to time, be necessary."

Section 246 of the Constitution reads as follows: "No public officer, except the governor, shall receive more than $5,000 per annum, as compensation for official services, independent of the compensation of legally authorized deputies and assistants, which shall be fixed and provided for by law. The General Assembly shall provide for the enforcement of this section by suitable penalties, one of which shall be forfeiture of office by any person violating its provisions."

The Legislature has plenary power as respects the fees and compensation of all officers, except where its power is restricted by the Constitution. It is a well-settled rule of law that the Legislature may at any time abolish an office which it has created, and these offices, being created by legislative authority, the incumbents are entitled to only such fees as

the Legislature may provide, subject only to such constitutional inhibitions as may be found in the organic law. We find no provision in the Constitution, either expressly or by implication, that denies to the Legislature the right to fix the fees of the appellants; but we do find in section 246 of the Constitution an express provision that no officer, except the governor, shall receive more than $5,000 per annum for his services; and in said section it is in substance provided that the Legislature shall provide for the enforcement of the provisions of this section. It is of no importance whether the appellants are county officers or not; they can only collect by law such fees as the Legislature prescribes or authorizes them to receive; and the fact that section 106 provides that the fees of county officers shall be regulated by law can not be held to mean that the fees of other officers can not be regulated by law. In fact it has always been a well-settled rule of law that no officer can charge or collect any fees except such as were authorized by statute.

It is suggested by counsel for appellants that in certain cases the court may allow the commissioner for reports and services rendered under order of court such fees as the court may prescribe by rule or otherwise, and that if one-fourth of every such allowance is to go to the State as a royalty or "take-out," that fact will necessarily enter as a material element into every such allowance or taxation of costs, and would be an unequal and unjust burden imposed upon litigants of Jefferson county for the purpose of replenishing the treasury, and it is suggested that the Constitution does not empower the legislative department to impose any such em-

Winston, Commissioner, etc. v. Stone, Auditor.

bargo upon the judicial department and litigants of Jefferson county.

It seems to us that the duty of the court in all cases would be simply to allow a fair compensation for the services rendered, without regard to whether the officer or the State was entitled to the compensation so allowed.

It is also suggested by appellant that more than one-fifth of the entire revenue of the State is derived from Jefferson county, and in like proportion is the litigation carried on in said county. If that be true, the reasonable inference is that the fees of appellants would be more than equal to one-fifth of the fees of all other such officers in the State, and inasmuch as under the present law these appellants can not receive more than $5,000 salary, if the court should consider what portion of the fees the officers would in fact receive, and be influenced by such considerations as is suggested by appellants, the result would probably be that the compensation allowed for such work would be fixed at a very low rate, for the reason that the officer would receive no part of same in excess of $5,000 per annum; and thus the litigants of Jefferson county would be greatly benefited by the statute in question, instead of injured. But be this as it may, we think that the statute in question is valid, and it must be upheld. The question as to whether it is the most convenient or equitable statute that might be enacted is a question for legislative consideration and not for judicial determination

For the reasons indicated the judgment of the court below is affirmed.