CASE 10—INDICTMENT FOR FAILING TO PAY AN EMPLOYE IN LAWFUL MONEY—SEPT. 27.

# Commonwealth v. Hillside Coal Co.

APPEAL FROM MUHLENBERG CIRCUIT COURT.

INDICTMENT DISMISSED AND COMMONWEALTH APPEALS.   REVERSED.

MINES AND MINING—FAILURE TO PAY LABORORS IN LAWFUL MONEY—SPECIAL LEGISLATION.

Held:   1. Under Kentucky Statutes, sec. 2739a, only such persons or companies engaged in the mining industry as are unable to pay their employes in lawful money at the time required by the statute are given fifteen days to execute duebills, and therefore, where the employer is able to pay, an indictment against him for failing to do so may be returned before the expiration of the fifteen days.

2. The fact that the statute applies only to persons or companies employing ten or more persons does not render it unconstitutional as special legislation, as the classification is natural and reasonable, and consistent with the end sought to be accomplished by Constitution, sec. 244, which provides that all wage-earners "employed in factories, mines, workshops or by corporations shall be paid for their labor in lawful money.'

JUDGES DURELLE AND BURNAM DISSENTING.

CLIFTON J. PRATT, ATTORNEY GENERAL & C. P. MOTLEY, FOR APPELLANT.

1. The indictment is good and the court erred in sustaining the demurrer to it for the following reasons:

(a) The indictment is specific.

(b) It alleges that one John Dibble was in the employment of said company during the month of March 1899, and that wages was due him for that month which the company refused to pay.

(c) That there were more than ten persons engaged in mining for this company at the time.

(d) This act regulating the pay of miners where more than ten are engaged as employes in mining, was enacted March 2, 1898, and the act complained of happened in March, 1899. Sec. 244, Ky. Constitution; Sec. 1350, Ky. Stats.; sec. 2739 A., Ky. Stats.; Avent Coal Co. v. Com., 96 Ky., 218.

JOHN ALLISON, Attorney for appellee.

The act under which this indictment was found is unconstitutional,
Because:
   1 It relates to more than one subject.
   2 It is special legislation.  Sec. 51, Ky. ·Constitution, and sub-
·sec. 24 of sec.' 59.

Opinion of the court by CHIEF JUSTICE HAZELRIGG—Revers-
ing.

The appellee is engaged in the mining business, employ-
ing more than ten men, and, although able financially to
do so, failed to pay in lawful money an employe on the
16th of April, 1899, the wages due him for the preceding
month.  A demurrer to the indictment, which was found
on April 26, 1899, and which charged substantially the fore-
going facts, was sustained by the trial court; hence this
appeal by the Commonwealth.  Section 244 of the Consti-
tution provides that "all wage-earners in this State em-
ployed in factories, mines, workshops or by corporations
shall be paid for their labor in lawful money."  Section
1350 of the Kentucky Statutes provides that 'one who vio-
lates the provisions of section 244 of the Constitution shall
be deemed guilty of a misdemeanor, and be punished by a
fine of not exceeding $500 for each violation.  A still later
statute (section 2739a, Kentucky Statutes), it being the law
under which the present indictment was found, provides as
follows:  "Section 2739a.  (1)  That all persons, associa-
tions, companies and corporations employing the service
of ten or more persons in any mining work or mining in
dustry in this Commonwealth, shall on or before the six-
teenth day of each month, pay for the month previous, such
servant or employes on his or their order in lawful money
of the United States the full amount of wages due such

servant or employes rendering such services. But if such person, corporation or company, after using due diligence, is unable to make said payment as above required, he or it shall within fifteen days thereafter make out a pay-roll and statement of amount due each employe and also a due bill for said sum bearing interest from said sixteenth day of the month, and deliver same to each of said employes." A succeeding section makes it unlawful for one employing such servants or employes to coerce or require them to deal with, or purchase merchandise from, any person or company, or at any place or store, or to exclude laborers from work, for failing to deal with any person, or at any place or store, or to blacklist them for such failure, etc. A third section makes a violation of the preceding sections a misdemeanor, and fixed the punishment of the offender at a fine of not less than $50, nor more than $100.

A preliminary objection to the indictment by the appellant is that, as the operator has fifteen days after failing to pay within which to execute his due-bill, no indictment can be found until after the expiration of this time. It will be seen, however, that one who is able to pay is given no such time. The averment of the pleading is that the appellee is amply able to pay the wages in question, and hence the indictment charges an offense under the terms of the law, and was not prematurely found.

In the second place it is claimed that the statute is a special one, in that its operation is limited to those mine owners who work ten or more miners, and is therefore obnoxious to the constitutional provision prohibiting special legislation "regulating labor, trade, mining, or manufacturing." Sub-section 24, section 59 Const. The Constitution does so prohibit, but we do not regard this as special

legislation, within the meaning of the law. In so far as the statute may discriminate in favor of wage-earners engaged in mining work or industry,—a discrimination vigorously denounced in some jurisdictions and as vigorously upheld in others,—the statute simply follows the lead of the organic law, and can not, therefore, be said to be contrary to it. And, when we look to the purpose in view in the adoption of such legislation, we think the classification or apparent discrimination made in the statute is permissible, because it is natural and reasonable, and, moreover, entirely consistent with the end sought to be accomplished by the organic law. The abuse sought to be corrected was the imposition practiced on the miners by the operation of mines by forcing them, directly or indirectly, into dealing with the "company stores," where goods at exorbitant prices were paid for wages instead of money. This evil can hardly be practiced at small concerns, or where less than ten miners are employed. In effect, the lawmakers said there is in small concerns using less than ten men practically no such evil as the Constitution seeks to suppress; therefore we ignore the small concerns, and apply the benefit of the Constitutional provision to that portion of the class only which needs the benefit. The organic law makes the general classification in the first instance, and this fact cuts short all discussion of its constitutionality which might otherwise grow out of the special application to miners. The statute then erects a class within a class, and this is allowable if based on reasonable, natural, and consistent grounds. We think the indictment charges an offense under the law, and the demurrer ought to have been overruled. Judgment reversed for further proceedings.

Judge DuRelle's dissenting opinion:

The Constitution, in my view, requires that laborers in mines, etc., shall be paid for their labor in lawful money; that is to say, shall not be paid in anything else. The evil which by the organic law was intended to be prevented was not a mere failure to pay, but a payment in something which the laborer was not required to take. He must not be paid in "orders" or "checks" or merchandise. But it was not intended to create a new penalty for debt, which is what the opinion construes the Constitution to mean. Judge Burnam concurs in this dissent. Judge White does not concur either with the opinion or this dissent.