## McInteer v. Moss, Judge.

(Decided October 5, 1911.)

### Appeal from Warren Circuit Court.

1. Liquor License—Writ of Prohibition—Appeal—Jurisdiction.—A writ of prohibition will not be awarded in the court of appeals requiring the circuit judge to take jurisdiction of an appeal where the amount in controversy is less than the minimum fixed in the statute, simply because undue advantage was taken of the defendant in the trial.

2. Same—Constitutionality of Appeals.—The statute fixing $25.00, as the minimum of appeals in criminal cases from the judgments of the police court in cities of the third class, is not unconstitutional, although appeals are allowed from judgments of justices of the peace where the amount of the fine is $20.00.

SIMS & RODES for appellant.

McQUOWN & BECKHAM for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—
Overruling motion.

Five warrants were issued by the judge of the police court of Bowling Green against W. T. McInteer in which he was charged with the offense of selling whiskey without license in violation of section 1304, Kentucky Statutes. The warrants were in the name of the Commonwealth of Kentucky for the use and benefit of the city of Bowling Green. McInteer was fined $20 in each case. He appealed each case to the Warren Circuit Court. In that court a motion was entered to dismiss the appeal for want of jurisdiction. The court sustained the motion in one case and passed the other four. Thereupon McInteer filed his petition in this court against the Circuit Judge under section 110 of the Constitution, praying this court to issue a writ requiring the Warren Circuit Court to take jurisdiction of the cases and to hear and try them, alleging that unless this is done, the circuit judge will also dismiss the other four cases for want of jurisdiction.

It is alleged in the petition that before the cases were tried in the police court, the police judge was approached by certain officials of the city of Bowling Green, and was requested in finding him guilty to fix the penalty at a fine of $20 or a sum less than $25 for the purpose of preventing appeals to the Warren Circuit Court; that the police judge promptly and positively declined to enter into any such agreement; that he was told that if he did not do so, the Commonwealth would demand juries to try the cases, and would endeavor to get the juries to render verdicts fixing the fines at less than $25 in each case; that when the cases were called for trial the juries were summoned in each case composed of men of known opinions upon the question of the sale of liquors, and prejudiced against it, and that they returned verdicts of guilty fixing the fine in each case at $20. The petition also assails as unconstitutional section 3367 in so far as it prevents an appeal from the police court unless the fine be $25 and over, when from courts of justices of the peace an appeal may be taken from judgments for the same offense where the fine is $20 and over. A demurrer has been filed to the petition and the motion is submitted on the demurrer which presents the whole matter.

In so far as the petition is based upon the misconduct of the officials of Bowling Green as to the trial in the police court, the petitioner had an ample remedy by motion for new trial in that court. There should be no secret agreements by judges of courts. Cases should be tried on their merits at the bar and there should be no private approach to the judge. The police judge, according to the allegations of the petition, did his duty and did right. If any advantage was taken of the defendant in the summoning of the jury or in the conduct of the trial, he should have made his motion for new trial in that court, and no doubt the police judge would have protected his rights. The petitioner cannot maintain an appeal to the circuit court if none is allowed by law because he did not obtain a fair trial in the police court. So the whole case comes simply to this, had the Warren Circuit Court jurisdiction of the appeal?

Section 362 of the Criminal Code which governs appeals in criminal cases from police courts to the circuit court, provides:

"If a judgment against a defendant on a trial before a county judge, or in a justice's court, or in a city or police court, unless otherwise provided in the statutes

creating or regulating it, be for imprisonment or for a fine of twenty dollars or more, he shall have the right of appeal to the circuit court of the county in which the judgment is rendered.''

It will be observed that this section excepts out of its operation a police court, where it is otherwise provided in the statute creating or regulating it. The police court in cities of the third class is regulated by the act governing these cities. As to appeals from the judgment of the police court, the act provides:

''All appeals from the police court shall be taken within sixty days from the rendition of the judgment, and shall be directly to the circuit court of the county, and taken in the same way that appeals are taken from the quarterly courts to the circuits courts, as provided by law in penal cases. The defendant may appeal in any case where the judgment is for a fine of twenty-five dollars or over, or imprisonment. The city may appeal in any case where the punishment might have been a fine of twenty-five dollars or over, or imprisonment. No bond shall be required of the city on an appeal. (Kentucky Statutes, Sec. 3367.)

It will thus be seen that by the act creating and regulating the police court, it is provided that the defendant may appeal only where the judgment is for a fine of $25 or over or imprisonment. It is insisted. however, that the statute is unconstitutional. Sections 142 and 143 of the Constitution, among other things, provide:

''The jurisdiction of justices of the peace shall be co-extensive with the county, and shall be equal and uniform throughout the State.'' (Sec. 142.)

''A police court may be established in each city and town in this State, with jurisdiction in cases of violation of municipal ordinances and by-laws occurring within the corporate limits of the city or town in which it is established, and such criminal jurisdiction within the said limits as justices of the peace have.'' (Sec. 143.)

It is insisted that as police courts can only have such criminal jurisdiction as justices of the peace have, and the jurisdiction of the justices of the peace must be equal and uniform throughout the State, the Legislature may not provide that an appeal may be taken from a justice's court where the fine is twenty dollars and from a police court where the fine is twenty-five dollars. But it will be observed that the question here is not as to the jurisdic-

tion of the police court but as to the jurisdiction of the Warren Circuit Court. It is conceded that the police court had jurisdiction of the warrants. The question is, has the Warren Circuit Court jurisdiction of the appeals. No question of the jurisdiction of the police court is involved. Sections 126 and 127 of the Constitution as to the jurisdiction of the circuit court, provides:

"The jurisdiction of said court shall be and remain as now established, hereby giving to the General Assembly the power to change it." (Constitution, Sec. 126.)

"The right to appeal or sue out a writ of error shall remain as it now exists until altered by law, hereby giving to the General Assembly the power to change or modify said right." (Constitution, Sec. 127.)

It will thus be seen that the jurisdiction of the circuit court may be changed from time to time by the General Assembly, and that the right of appeal may also be changed as it sees fit. The General Assembly might provide no appeals in this class of cases if it saw proper. When and how appeals may be taken and to what court may be regulated by the General Assembly. If it has not provided for an appeal in this class of cases, the petitioner is without remedy. Section 3367 is not special legislation. It applies to all police courts in cities of the third class. No circuit court is given a jurisdiction that another may not exercise. The Legislature in creating these police courts, had the right to determine when and how appeals from their judgments may be taken, just as it determined when and how appeals from the judgments of the quarterly courts or county courts may be taken. An appeal is a matter of grace, not of right, no appeal was allowed in criminal cases before 1851, and the Legislature may fix one amount as the minimum for appeals from police courts, another for appeals from quarterly courts, another for appeals from county courts, and still another for appeals from justices' courts. It often happens that no appeal lies when a case is tried in one court, but that an appeal might have been taken, if the same case had been tried in another court. The statute places the prosecution and the defendant on the same plane. Neither can appeal if the sum in controversy is less than $25.00.

The case of McLear v. Williams, 43 L. R. A., 288, turned on provisions in the Constitution which are not contained in ours. Love v. Ridley, 67 L. R. A., involved

an attempt to give justices of the peace more jurisdiction in certain cities than was given justices elsewhere in the State.

The demurrer to the petition is sustained and the motion for a writ is overruled.