## Meriwether, et al. v. Summers, et al.

(Decided February 22, 1918.)

Appeal from Jefferson Circuit Court (Chancery Branch, Second Division).

Clerks of Courts—Fees of Deputies—Action Against Successor of Clerk—Duty of Auditor.—Although the deputies of the clerk of the Jefferson circuit court are entitled to be paid their salaries out of the fees earned by the office during the term of the clerk for whom they render services as such deputies, they cannot, by suit, recover such salaries of his successor in office because of his having collected some or all of the fees earned during his predecessor's incumbency of the office that remained unpaid at the expiration of the latter's term. As such fees when collected by the successor in office of the clerk whom they served as deputies were paid by him to the State Auditor, and the law makes it the duty of the Auditor to draw warrants upon the State Treasurer to pay the salaries, they should have applied to the Auditor for their salaries.

ELMER C. UNDERWOOD for appellants.

BENJAMIN H. SACHS, M. A., D. A. and J. G. SACHS for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE SETTLE— Affirming.

This action was brought by the appellants, Lewis Meriwether and sixteen others, named in the petition as plaintiffs, against the appellees, Louis Summers and W. L. Weller, Jr., for certain amounts claimed to be due them, respectively, as salary earned by them while acting as deputy clerks for the appellee, W. L. Weller, Jr., during his term of office as clerk of the Jefferson circuit court, and which were unpaid when the latter's term of office expired January 1st, 1910.

The facts set forth in the petition are, in substance, that when the term of office of the appellee, W. L. Weller, Jr., as circuit clerk expired, his salary and the ordinary expenses of the office had been paid in full, but that salaries due the appellants, his deputies, amounting in the aggregate to more than $10,000.00, were unpaid. Weller was succeeded in office by the appellee, Louis Summers, who continued in the office for a full term of six years. When Weller went out of office many cost or fee bills earned during his term of office had not been collected, and remained unpaid, until collected by his successor, Summers. This was especially true as to the costs in suits that were still pending at the expiration of Weller's term and the commencement of Summer's. From time to time during Summer's term of office these costs or fee bills, or such of them as were collectible, were paid by the persons owing them to Summers, who was authorized by law to receive them. These costs and fees Summers reported and paid to the State Auditor, as required by law; failing, however, as alleged in the petition, to indicate in his reports to the Auditor, as required by law, that the monies so received by him were the fees and costs earned by Weller and his deputies.

It is further alleged that by this means Summers procured from the State Auditor and applied to his own salary, those of his deputies and to his office expenses, from time to time seventy-five per cent. of all fees so collected by him, earned during the term of office of Weller, which should have been applied to the payment of the appellants' salaries, and converted the same to his own use. After procuring an examination of Summer's books by an expert and ascertaining the amount of fees and costs thus collected by him that were earned during the term of office of Weller, and which, it is claimed, should have been applied to the payment of appellants' salaries, respectively, the latter made demand of Sum-

mers for what they claimed to be due them, and his refusal to pay same resulted in this action; the former clerk, Weller, being joined as a nominal party defendant. The recovery, however, is sought against Summers alone. The appellee, Summers, filed a general demurrer to the petition, which the circuit court sustained. Appellants then filed an amended petition making more specific certain allegations of the original petition; whereupon the appellee, Summers, insisted upon his demurrer to the petition, as amended, and the demurrer being again sustained, and appellants declining to plead further, their petition was dismissed. From the judgment manifesting these rulings they prosecute this appeal.

The demurrer raises every question of law we are required to decide and the decision of these questions must be controlled by the statutes applicable to them. Kentucky Statutes, section 1761, provides:

"The clerk of the circuit court, the clerk of the county court and the sheriff of each county having a population of 75,000 or over, shall, on the first day of each month, severally, send to the Auditor of Public Accounts a statement, subscribed and sworn to by each of them, showing the amount of money received or collected by or for each of them the preceding month, as fees or compensation for official duties, and shall, with such statement, send to the Auditor the amount so collected or received."

Section 1762 fixes the salary of the circuit and county court clerks at five thousand dollars per annum each, and provides that the number of deputies allowed to each and the compensation of each of such deputies, except the chief deputy, as well as the amount allowed for the necessary expenses of the office, shall be regulated and fixed by an order entered upon the order book of the circuit court and county court, and signed by a majority of the judges of such courts; and that a certified copy of the order shall, as soon as entered, be forwarded to the Auditor of Public Accounts, as shall a copy of any subsequent changes made therein. Section 1763 fixes the salary of the chief deputy of both the circuit and county clerks and provides that the salary of each of the other deputies shall be fixed at a reasonable amount, not, however, to exceed fifteen hundred dollars per annum.

Section 1764 provides:

"The salary of each officer, his deputies and expenses of office, shall be paid monthly by the Treasurer of the state upon the warrant of the Auditor, made payable to the officer. If seventy-five per cent. of the amount paid into the state treasury in any month is not sufficient to pay the salaries and expenses for that month, the deficit may be made up out of the amount paid in in any succeeding month; but in no event shall the amount paid by the Auditor to any officer for salaries and expenses exceed seventy-five per cent. of the amount paid into the treasury each month by such officer, during his official term."

Section 1767 declares that:

"When the term of any chief officer shall expire, or he shall die or resign, or be removed from the office, he or his personal representative, trustee, or committee, as the case may be, shall at once deliver to his successor in office all accounts, claims and fees due to such officer in his official capacity; and it shall be the duty of such successor to have such fees, claims and accounts collected, or the Auditor may, in his discretion, when said fees and claims are delivered to the successor, appoint some person to collect them, and if he does the successor shall at once, or at any time when demanded by such person, deliver to him all accounts and fees uncollected. The successor, or the person appointed by the Auditor, as the case may be, shall, every sixty days after receiving such accounts, fees and claims, report to the Auditor, under oath, the amount collected thereon and at the same time pay to the Auditor the amount so collected and shall continue to so report for three years, unless the accounts, fees and claims are sooner collected."

Undoubtedly, the appellants as the deputies of Weller had the right to look to the earnings of the office under Weller's administration that remained unpaid at the expiration of his term, for the payment of any salaries due and unpaid them for services rendered Weller while clerk. It is likewise true that under sections 1761-1767, Summers was charged with the duty of collecting and paying to the Auditor such fees and costs as were earned during the term of office of Weller and remained unpaid at the expiration of the latter's term; such payments to be made to the Auditor at the end of sixty days following the collections of such previously earned fees

or costs; and according to the averments of the petition this was done by the appellee, Summers, but without indicating that they were fees or costs which had been earned during the term of office of Weller. Seventy-five per centum of these collections should have been applied, not by Summers, but by the Auditor, to the payment of appellants' salaries, but this was not done. So it appears from the allegations of the petition that the fees or costs earned by the office during the term of Weller and remaining unpaid at the expiration of his term, that were collected by Summers were, admittedly, reported and paid by him to the Auditor, although he failed to indicate in his reports to that officer that they were the earnings of the office during the incumbency of his predecessor. It is patent that the claims here urged by appellants do not arise out of any contractual relation existing between them and the appellee, Summers. Nor is the latter's relationship to them that of trustee. Section 1767 of the statutes, *supra,* made him a mere agent of the Auditor to collect all fees or claims owing the office earned during the term of his predecessor, and to report and pay same to the Auditor; and other sections of the statute provide appropriate penalties for any failure on his part to properly perform the duties thus required of him. Therefore, the appellee, Summers, is responsible to the Auditor of Public Accounts, and for any failure on his part to fully and fairly settle with the Auditor he can and should be made to account to that officer alone. If correct in this conclusion, the appellants have no cause of action against the appellee, Summers. They should have looked to the Auditor for their salaries; and while it is not necessary to here decide, nor do we decide, that a proceeding by mandamus against the Auditor would have compelled the payment by the latter of their salaries, resort to that remedy would have afforded appellants proper means of determining their rights; and, at the same time, have advised the Auditor of the necessity of proceeding against the appellee, Summers, for any delinquencies here complained of, of which he may be found guilty.

As the petition, as amended, failed to state a cause of action against the appellee, Summers, the ruling of the circuit court in sustaining the demurrer to the same and dismissing the action, was not error. Wherefore, the judgment is affirmed. The whole court sitting.