# Herold et al. v. Talbott, Auditor.

(Decided June 21, 1935.)

(As Modified on Denial of Rehearing Dec. 20, 1935.)

ORIE S. WARE for appellants.

BAILEY P. WOOTTON, Attorney General, and H. HAMILTON RICE and DAVID C. WALLS, Assistant Attorneys General, for appellee.

OPINION OF THE COURT BY JUDGE RICHARDSON—Affirming.

John A. Herold, clerk of the Kenton circuit court, filed this action in the Franklin circuit court against the Auditor of Public Accounts for a declaration of his rights and the authority of the auditor, under sections 1762, Carroll's Kentucky Statutes, and 1763-1, Kentucky Statutes (Baldwin's Supp. 1934). Section 1762 fixes the annual salary of Herold as clerk of the Kenton circuit court at $5,000. This section was enacted in 1893. Acts of the General Assembly, chapter 226, p. 1131, sec. 39. Section 1763-1 was enacted in 1934. See Acts 1934, c. 128, p. 539, sec. 1. It was enacted in lieu of section 1763, Carroll's Kentucky Statutes (Acts 1928, c 121, p. 412, amending Acts 1893, c. 226, p. 1131, sec. 40) The material distinction between the amendatory act and the original is the salaries of the deputies of the circuit court clerk, "in counties having a population of seventy-five thousand [75,000] or over and up to two hundred thousand [200,000]," are fixed; the chief deputy at $2,500 a year, and of each of the other deputies at a reasonable sum not exceeding $2,000 a year.

The obligation is upon us to determine the declaration of Herold's rights as clerk of the Kenton circuit court, and those of the auditor in respect thereto, under these sections and section 106 of our Constitution.

"Kenton County, with a city of more than twenty thousand [20,000] and a population of more than seventy-five thousand [75,000], has two circuit judges whose courts are of continuous session." Section 980 et seq., Kentucky Statutes.

The compensation of Herold, as circuit court clerk, and his deputies, comes from fees earned, taxed, collected, and accounted for to the state treasury.

He argues strenuously that the clerk of the Kenton circuit court is not included in section 106 of the Constitution if and when it is given a correct or true interpretation. The office of the circuit court clerk as he contends not being embraced in section 106 of the Constitution, therefore sections 1762 and 1763-1 are not applicable to the office. "[a] because they are repugnant to the provision of the Constitution; [b] if so construed they would violate section 59 of the Constitution prohibiting local or special legislation, and [c] because the long-contemporaneous legislative and judicial construction make these sections applicable to Jefferson county alone."

He arrives at this construction by the process of elimination and substitution. He eliminates the first sentence in section 106; the word "or," in the second, and substitutes for it the word "of" or "with," making it read: "In counties 'of'/'with' cities having a population, etc."

The Legislature, Acts 1893, c. 226, art. 18, p. 1156, approved June 15, 1893 by section 38 thereof, provided for the regulation of the salaries of the circuit clerk and his deputies, the clerk of the county court, commissioners, receivers, examiners, and the sheriff of each county having a population of 75,000 or over. It fixed the salary of each of the officers, excluding deputies, at the sum of $5,000 per annum. Section 39. By section 53, it regulated the fees of the jailer, county clerk, circuit clerk, commissioners, receivers, examiners, and sheriffs in a county having a population of over 40,000 and under 75,000 and fixed the salary of each officer and directed the fixing of the salary of each deputy or assistant employed by him.

The men who framed and voted for the act of 1893 "were contemporaneous with the constitution; * * * the debates in the convention, and before the people

while the constitution was pending before them for adoption, were fresh in the minds of all, and it is reasonable to say that as they had peculiar opportunities to know with what intention the clause [section 106] in question was inserted, that what it was intended to mean was more fully understood by them than it can be by us. * * * A construction so given ought to be decisive of any doubt which might otherwise exist." Collins v. Henderson, etc., 11 Bush, 74.

This court in June, 1895, and again in February and December, 1897, decided that the Legislature was, by section 106, vested with the authority to fix the salaries of county officers based upon the population of a county, though it contained no city embracing the population described in section 106. In June, 1895, we said:

"The only provision directing, expressly, the fees of the county offices to be fixed on a salary basis, is the 106th section, and by this it is provided that: 'The fees of county offices shall be regulated by law. In counties or cities having a population of 75,000 or more the county officers [naming them] shall be paid a salary to be fixed by law, but not to exceed seventy-five per centum of the fees collected by said officers respectively.' We do not doubt, however, the authority of the legislature to classify the other counties of the state, and to fix a salary for the respective county officers, as in this case; taking care to make it general, and not obnoxious to the several provisions of the constitution inhibiting special legislation."

Commonwealth v. Chinn, 97 Ky. 730, 31 S. W. 727, 728, 17 Ky. Law Rep. 447.

In February, 1897, we said:

"Section 106 confers power as to fixing the fees of county officers. It was competent for the legislature to fix the fees of appellee as it did, and leave some other of the county officers to receive the whole fees as fixed by law; the reason doubtless being that the fees of the omitted officers would not amount to $3,000."

Stone, Auditor, v. Wilson, 39 S. W. 49, 51, 19 Ky. Law Rep. 126.

In December, 1897, we quoted with approval from Stone, Auditor, v. Wilson, supra, this statement:

"The contention of appellants that the statute in question is not constitutional, because it applies only to counties having a population in excess of 75,000, and is therefore in violation of section 59 of the present constitution, cannot be sustained. The statute in question applies alike to all counties of the same class, and is therefore not in conflict with section 59 of the constitution. That identical question was considered in the case of Stone, Auditor, v. Wilson, herein referred to. In that opinion the court said: ' "Local" or "special" legislation, according to the well-known meaning of the words, applies exclusively to special or particular places, or special and particular persons, and is distinguished from a statute intended to be general in its operation, and that relating to classes of persons or subjects.' "

Winston, Com'r, v. Stone, Auditor, 102 Ky. 423, 43 S. W. 397, 398, 19 Ky. Law Rep. 1483. See Ray v. Woodruff, 168 Ky. 563, 182 S. W. 662; Merriwether v. Summers, 179 Ky. 437, 200 S. W. 619; Neutzel v. Fiscal Court, 183 Ky. 2, 208 S. W. 11.

An examination of these cases discloses that we have for more than forty years consistently construed section 106 to vest in the Legislature the whole power of the state to deal with the subject of fixing and regulating the salaries of county officers on the basis of the population of the county, and that it was acting within the scope of this section, when its enactment was based upon the population of a county where there was no city therein of 75,000 or more, or in counties wherein there was a city having a population of 75,000 or more, and that such classification on the basis of the population of the county alone was not special or local legislation within the purview of section 59 of the Constitution.

It is an accepted rule that the courts construe a Constitution with great caution (District Board of Tuberculosis, etc., v. City of Lexington, 227 Ky. 7, 12 S. W. [2d] 348), and will not give it a technical construction which will defeat it. Board of Commissioners v. Spencer, 159 Ky. 255, 166 S. W. 1017. It is most

hazardous to interpret it by rules of construction which should not be employed where its language and subject-matter leave no doubt of the intended meaning of the clause under investigation, unless the meaning may be reached in that way only, and with approximate certainty. The meaning and intent of a section of the Constitution, when ascertained, are mandatory. Craft v. Baker, 194 Ky. 205, 238 S. W. 389. True it is, the law, even the Constitution, is not static, but progressive, in its application to meet changed conditions, yet the meaning of a constitutional provision never varies. Fowler v. Obier, City Bldg. Inspector, et al., 224 Ky. 742, 7 S. W. (2d) 219. Where the language of the provision is plain and simple, rules of interpretation and construction are not to be applied to vary its meaning, or broaden the scope of its application, to meet new conditions.

With the legislative construction of the section and our own opinions sustaining it, in the cases supra, confronting us, it would be equivalent to our engaging in the process of changing this section to strike therefrom the word "or" and substitute the word "of" or "with," so as to make the second sentence read: "In counties 'of,' or 'with' cities having a population, etc." Such a construction would not only render section 1763-1 constitutionally invalid, but require the disregarding of all contemporaneous construction of the section, and the overruling our former opinions construing it otherwise. In addition to this, this construction would deprive the Legislature of the power which this section vests in it to enact in the future a statute regulating the fees of county officers, except those of "counties 'of' or 'with' cities having a population of 75,000 or more, etc."

If the duty to construe this section was now confronting us for the first time, if we entertained doubt as to its meaning, our obligation to it would impel us to give to it the meaning which it possessed at the time of its framing and adoption, looking to and considering the contemporaneous legislative and administrative construction as to the sense in which the constitutional convention used the words thereof. McKinney v. Barker, 180 Ky. 526, 203 S. W. 303, L. R. A. 1918E, 581; Board of Education of Louisville v. Sea, 167 Ky. 772, 181 S. W. 670; Hazelrigg v. Hazelrigg, 169 Ky.

345, 183 S. W. 933; Schardein v. Harrison, 230 Ky. 1, 18 S. W. (2d) 316.

The act of 1893 was the first act of the Legislature, following the adoption of section 106, dealing with the regulation of salaries of county officers, and it has been, without an exception, regarded by the legislative, the executive, and judicial branches of the state government, as well as all administrative departments and county officers, within the authority of the Legislature as vested by section 106, to regulate the salaries of officers as we have stated, and such construction, unless manifestly erroneous, should not now be interfered with. It is at least entitled to greater weight than Herold's argument that the word "or," as it appears between the words "counties" and "cities," should be stricken and the word "of" or "with" substituted, thus taking away from the Legislature all power under this section to regulate the salaries of county officers, except in "counties with cities having a population of 75,000 or more, etc."

Section 1762 fixing the clerk's salary at $5,000 is so clearly within the authority vested in the Legislature by section 246 of the Constitution, it calls for no decision.

Herold argues that section 1763-1 is special or class legislation within the meaning of section 59 of the Constitution.

In Stone, Auditor, v. Wilson, 39 S. W. 49, 19 Ky. Law Rep. 126; Winston, etc., v. Stone, Auditor, 102 Ky. 423, 43 S. W. 397, 19 Ky. Law Rep. 1483; and Commonwealth v. Chinn, 97 Ky. 730, 31 S. W. 727, 17 Ky. Law Rep. 447, we held that the acts of the Legislature therein involved, fixing the compensation of officers in counties having a designated population, were not local or special legislation, within the meaning of section 59 of the Constitution. These cases have been cited with approval in Lakes v. Goodloe, 195 Ky. 240, 242 S. W. 632; Commonwealth v. Goldburg, 167 Ky. 96, 107, 180 S. W. 68; McInteer v. Moss, 144 Ky. 667, 139 S. W. 842; Commonwealth v. Hillside Coal Co., 109 Ky. 47, 58 S. W. 441, 22 Ky. Law Rep. 559; Safety Bldg. & Loan Ass'n v. Eckler, 106 Ky. 115, 50 S W 50, 20 Ky. Law Rep. 1770; Commonwealth v. Remington Typewriter Co., 127 Ky. 177, 105 S. W. 399, 32 Ky. Law

Rep. 189; State Racing Comm. v. Latonia Agr. Ass'n, 136 Ky. 173, 123 S. W. 681, 25 L. R. A. (N. S.) 905.

Finally, it is argued that Herold, with the limitation of the salaries of his deputies as fixed by section 1763-1, cannot carry on the duties of his office. Also, that unless section 106 of the Constitution is construed as asked for by him, and thereby section 1763-1 is rendered invalid, that he is without relief, as the salaries of his deputies cannot be changed by legislative enactment during the term of his office.

As much as we appreciate the harshness of the statute fixing the salaries of his deputies, and the limitation fixed by section 1763-1 with which to meet the expenses of his office, it is beyond our power to remedy his condition, by according to section 106 a new meaning and overthrowing the meaning that has been given it since the act of the Legislature in 1893.

In Stone, Auditor, v. Wilson, supra, the compensation of the clerk of the Kenton county court was fixed by section 1776, Kentucky Statutes, at $3,000 per annum, on the basis that the county contained a population of over 40,000 and under 75,000; the county being at that time the only one of that class in the state. The duty was imposed upon him to keep a record of the fees earned and received, and to report the same to the auditor and to pay to the latter the amount so received in excess of $3,000. The constitutional validity of section 1776 was assailed in that action on the ground now urged by Herold against section 1763-1. The excerpt from this case, hereinbefore stated, is sufficient to show that it was our view that section 1776 was constitutionally valid. To adopt the construction of section 106, as it is now urged by Herold, the untenable and preposterious construction of section 106 would be presented authorizing the Legislature to enact a valid statute, governing the salary of the county clerk of Kenton county of the then population of over 40,000 and under 75,000 and depriving it of constitutional authority to enact section 1763-1, regulating the salaries of the circuit court clerk and deputies in the same county. We are not prepared to disregard the contemporaneous construction of this section which has been acquiesced in by the Legislature and followed by this court for more than forty years. But we may add

there is no constitutional provision forbidding the Legislature providing for the fiscal court supplementing the salaries of the circuit court clerk and his deputies, observing the constitutional limit of $5,000 annual salary.

The judgment is affirmed.

The whole court sitting.