**Charles Elbert MILLER, Appellant,**

v.

**Bruce HOBLITZELL, Sheriff of Jefferson County, Kentucky, Appellee.**

Court of Appeals of Kentucky.

Oct. 8, 1954.

Edwin W. Paul, Louisville, for appellant.

A. Scott Hamilton, Commonwealth's Atty., Louisville, J. D. Buckman, Atty. Gen., John B. Browning, Asst. Atty. Gen., for appellee.

CULLEN, Commissioner.

On May 27, 1954, Charles Elbert Miller was indicted for a felony by the Jefferson County Grand Jury, and being unable to post bond, he was confined in jail to await trial. He then sought release from jail on a petition for a writ of habeas corpus, claiming that his indictment was invalid. The writ was denied by the Jefferson Circuit Court, and Miller has appealed.

The validity of the indictment is attacked on the sole ground that Section 25 of Chapter 7 of the Acts of 1954, KRS 29.245, regulating the length of sessions of grand juries, constitutes local or special legislation in violation of subsection 2 of section 59 of the Kentucky Constitution, because the Act provides that the grand jury may remain in session for a longer period of time, in counties containing a city of the first class, than in other counties.

The appellant recognizes that statutes which have been made applicable only to classified areas or localities have consistently been upheld where there was a reasonable basis for the classification, but he contends that the statutes which have so been upheld were ones that fell only under the general "catch-all" provision of subsection 29 of section 59 of the Constitution, and were not ones involving a subject matter dealt with specifically by one of the other

subsections of section 59. The contention of the appellant is that subsection 2 of section 59, in prohibiting any local or special Act to regulate the summoning, impaneling or compensation of grand or petit jurors, absolutely forbids any classification, reasonable or otherwise, within the field covered by the subsection.

■ We find no merit in appellant's argument. An examination of the cases decided under section 59 of the Constitution discloses many cases in which this Court has upheld a statute making a classification within a field dealt with by one of the specific subsections of section 59. We list some of those cases, with the particular subsection: Subsection 15, Walston v. City of Louisville, 66 S.W. 385, 23 Ky.Law Rep. 1852; City of Louisville v. Commonwealth, 134 Ky. 488, 121 S.W. 411; Ross v. County Board of Education, 196 Ky. 366, 244 S.W. 793; Subsection 16, Shipp v. City of Lexington, 212 Ky. 702, 279 S.W. 1094; Subsection 17, Miller v. City of Louisville, 99 S.W. 284, 30 Ky.Law Rep. 664; Bryan v. Voss, 143 Ky. 422, 136 S.W. 884; Subsection 18, Herold v. Talbott, 261 Ky. 634, 88 S.W.2d 303; Shaw v. Fox, 246 Ky. 342, 55 S.W.2d 11; Shannon v. Wheeler, 268 Ky. 25, 103 S.W.2d 718; Subsection 22, Safety Building & Loan Co. v. Ecklar, 106 Ky. 115, 50 S.W. 50; Subsection 24, Commonwealth v. Hillside Coal Co., 109 Ky. 47, 58 S.W. 441; Commonwealth v. Goldburg, 167 Ky. 96, 180 S.W. 68; Subsection 25, Smith v. Board of Trustees, 171 Ky. 39, 186 S.W. 927; Subsection 27, Board of Trustees of Town of Newcastle v. Scott, 125 Ky. 545, 101 S.W. 944.

■ Actually, the rationale of our decisions has been that an Act making a classification based upon reasonable and natural distinctions is not a "special" or "local" Act within the meaning of the introductory phrase of section 59 of the Constitution, upon which all of the subsections of that section depend. Shaw v. Fox, 246 Ky. 342, 55 S.W.2d 11; King v. Commonwealth, 194 Ky. 143, 238 S.W. 373, 22 A.L.R. 535; Riley v. Rowe, 112 Ky. 817, 66 S.W. 999.

A further reason for rejecting appellant's contention is that the Act in question, regulating the length of sessions of grand juries, does not except by remote indirection affect the "summoning, impaneling or compensation" of grand jurors, and therefore does not fall within the prohibition of subsection 2 of section 59 of the Constitution.

The appellant makes some contention that the classification made by the Act is not based upon reasonable and natural distinctions. However, we think it is clear that the volume of business for the grand jury in counties containing a city of the first class is so much greater than in smaller counties as not only to justify, but actually to require, longer sessions of the grand jury.

The judgment is affirmed.