## O'Connor v. Weissinger, Judge, et al.

(Decided February 24, 1911.)

Appeal from Jefferson Circuit Court (Chancery Branch, Second Division).

1. Road Supervisors—Salary—Allowance by Fiscal Court—Mandamus.—Under the practice in this State mandamus is the proper remedy to compel action on the part of the fiscal court in the matter of requiring it to allow a road supervisor the salary alleged to be due him for his services.

2. Same—Discretion of Fiscal Court.—Under section 4313, Kentucky Statutes, providing that the fiscal court in counties where the roads are worked by taxation may appoint, or refuse to appoint, a supervisor of roads. Held, that by the use of the word "may" the legislature intended to leave the matter to the discretion of the fiscal court, and it may, or may not, appoint such supervisor in their discretion.

3.  Same—Vacancy—When to be Filled.—A fiscal court can only appoint a supervisor of roads at or during a regular term, even to fill a vacancy, and the authority conferred by section 4313, Kentucky Statutes, upon the county judge to appoint such officer, can be exercised by him only when a vacancy exists, and the fiscal court is not holding a regular term, the appointee to fill the vacancy till the next regular term of the fiscal court.

O'CONNOR & O'CONNOR and JOS. E. CONKLING for appellant.

A. SCOTT BULLITT, JOHN L. SULLIVAN and ROBERT L. PAGE for appellee.

Opinion of the Court by Judge Settle—Affirming.

Appellant by this action in equity brought in the court below against the county judge, fiscal court of Jefferson county, and magistrates composing the same, sought to obtain a mandatory injunction to compel the Jefferson county Fiscal court to allow and pay him at the rate of $2,000 per year, salary for several months' services, alleged to have been performed by him as supervisor of roads for Jefferson county. In addition to the relief by injunction, appellant asked judgment against the fiscal court for the amount of salary alleged to be due him.

It was averred in the petition that appellant was appointed to the office of road supervisor by the judge of the Jefferson county court, April 27th, 1910, to fill a vacancy then existing, and that he at once qualified and began to perform the duties appertaining to the office, but that the fiscal court refused to recognize his right to act as such supervisor, or to pay him for his services.

The appellees, except the county judge, filed a joint answer to the petition in which they denied appellant's right to the injunction asked or to any part of the salary claimed by him, and alleged that his appointment to the office of supervisor of roads by the county judge was illegal and void; that there was at that time no such office in Jefferson county, or vacancy therein, and that the county judge was without power to make such appointment. It was also averred in the answer that in March, 1906, the fiscal court, at a regular term then held, for the first time, appointed a supervisor of roads for Jefferson county as allowed by section 4313, Kentucky Statutes, for a term of two years as therein prescribed, who after a few months of service resigned, and that the

fiscal court thereupon filled the vacancy thereby created by appointing another person for the remainder of the two years' term, which ended March 31st, 1908. It was further averred in the answer that the fiscal court by resolution adopted March 17th, 1908, and an order then entered of record, abolished the office of supervisor of roads for Jefferson county to take effect at the expiration of the term of the then incumbent, March 31st, 1910, since which date the fiscal court has never appointed, and the county has not had, a supervisor of roads; and that at the time of abolishing that office the court by a further resolution and order, as allowed by section 4748b, Kentucky Statutes, adopted certain rules for maintaining the turnpikes and other public roads of Jefferson county and they have since been maintained in the manner provided by such rules.

A demurrer interposed by appellant to the answer was overruled, whereupon he excepted and refused to plead further, and the court then entered judgment dismissing the action; hence this appeal. Under the practice obtaining in this State mandamus is the proper remedy to compel action on the part of a fiscal court in the matter of such a claim as is here presented by appellant; application for the writ being made, by petition ordinary, to the circuit court; but if authorized upon the facts presented by the petition and proof thereof, the court in granting the writ will merely compel action by the court of inferior jurisdiction, without controlling its judicial discretion. Civil Code, sections 474, 475, 476, 477.

But as appellees did not demur to the petition because of its invoking equitable relief by injunction or move to transfer it to the law docket, we deem it proper to waive any informality in the proceeding and will consider the case as if it were an application for a mandamus.

The record affords us no cause for disagreeing with the conclusion reached by the circuit court. The facts alleged in appellee's answer, and confessed by appellant's demurrer, show that appellant was never legally appointed supervisor of roads for Jefferson county. The appointment of a supervisor of roads is provided for by section 4313, Kentucky Statutes, which reads as follows:

"The fiscal court of any county wherein the roads are worked by taxation may, at the first regular term after the taking effect of this act, and every two years there-

after, appoint a supervisor of roads in and for its county and who shall hold his office for the term of two years, and until his successor is appointed and qualified, unless sooner removed by the fiscal court. A vacancy in the office of supervisor shall be filled by the fiscal court at a regular term, and it shall be the duty of the county judge, in the event of such vacancy, immediately to fill the same until the next regular term of the fiscal court.''

It will be observed that the section declares that the fiscal court of any county wherein the roads are worked by taxation, ''may'' at its first regular term after the act takes effect and every two years thereafter, appoint a supervisor of roads. The use of the word ''shall'' instead of the word ''may,'' would have made the appointment of the supervisor by the fiscal court mandatory; but the use of the word ''may'' unmistakably shows that the Legislature intended to leave the matter to the discretion of the fiscal court; it may, therefore, appoint, or refuse to appoint, a supervisor, and the discretion thus given it can not be controlled or interferred with by any other court.

If the fiscal court in the exercise of the discretion with which it is clothed by the statute, may appoint or refuse to appoint a supervisor of roads for the county, it logically follows that it may, after appointing the supervisor, discontinue or abolish the office. The fiscal court of Jefferson county did establish the office of supervisor of roads in and for that county and continue it two years and during that time appointed two supervisors of roads; the second appointment being necessary because of the resignation of the first appointee, but the two together only served the one term of two years for which the first supervisor was appointed. At the expiration of the two years the fiscal court by formal and necessary action discontinued or abolished the office as it had the right to do.

It is not for us to say whether in discontinuing the office of supervisor of roads the fiscal court of Jefferson county acted wisely or unwisely; the matter being one of discretion for the exercise of which the members of that court are alone responsible to their constituents. If called on to conjecture why the office was discontinued by the court, it would be but fair to indulge the presumption, either that the two years' trial of maintaining the roads of the county under the control of a supervisor

had proven unsatisfactory, or that some better plan of maintaining them- had been discovered. It is not material, therefore, that the office of supervisor of roads was abolished because the fiscal court had, as alleged in its answer, adopted rules as provided by section 4748, Kentucky Statutes, for keeping up the roads of the county. We are not concerned with and need not discuss the reasons that influenced the court to discontinue the office; it is sufficient that it was discontinued. It is patent that at the time the county judge attempted to appoint appellant supervisor of roads for Jefferson county there was no vacancy to be filled, because the office had been abolished by the fiscal court two years before. Moreover, had there been a vacancy at that time, the county judge would have been without power to fill it, as the fiscal court was then in session and a regular term being held.

A fiscal court can only appoint a supervisor of roads at or during a regular term, even to fill a vacancy; and the authority to appoint conferred by section 4313, supra, upon the county judge, can be exercised by him only when a vacancy exists and the fiscal court is not holding a regular term, the appointee to fill the vacancy till the next regular term of the fiscal court.

Finding no error in the judgment of the circuit court, the same is affirmed.