# National Life & Accident Insurance Company v. Braswell, Individually, &c.

(Decided May 19, 1925.)

## Appeal from Lyon Circuit Court.

1. Continuance—Properly Denied on Affidavit Not Showing Diligence or Truth of Expected Testimony.—Continuance for absent witness held properly denied, where, though affidavit stated what witness would testify to, it did not state that such evidence would be true and did manifest diligence.

2. Insurance—Whether Insured Met his Death by Accident held for Jury.—In action on accident insurance policy whether insured met his death by accident held for jury.

3. Executors and Administrators—Beneficiary Suing on Accident Policy Not Required to Elect Whether to Prosecute Suit in Individual Capacity or as Administratrix.—Beneficiary suing on accident policy held not required to elect whether she would prosecute suit in her individual capacity, or as administratrix of insured, since she was entitled to recover principal sum as an indivdual, and weekly sick benefits.

4. Contnuance—Pleading—Motion to Strike and for Continuance Because Plaintiff's Reply Filed Shortly Before Trial, Held Properly Denied.—Motion to strike plaintiff's reply filed in open court only a few days before trial commenced, and for continuance, held properly denied, where reply was merely a traverse, and some of defendant's counsel were in courtroom at time of filing and made no objection, and trial was in progress when defendant moved to strike reply.

5. Trial—Receipts for Payment of Preminms Held Admissible, Though Not Supported by Evidence, in View of Counsel's Statement.—In action on accident policy, court did not err in admitting premium on receipts, though unsupported by evidence, where defendant's counsel had stated that there was no controversy about payment of premiums, and plaintiff for that reason did not introduce any evidence on subject.

6. Evidence—Insurer's Statement Held an Admission that all Premiums Due on Policy had been Paid.—Counsel's statement in open court that if plaintiff was entitled to recover at all, she was entitled to recover whole amount sued for on accident policy, and that there was no controversy about payment of premiums, constituted an admission that premiums had all been paid.

L. B. ALEXANDER for appellant.

C. C. MOLLOY for appellee.

OPINION OF THE COURT BY. JUDGE SAMPSON—Affirming.

In consideration of the payment to it of certain specified premiums, the National Life & Accident Insurance Company, a Tennessee corporation, with headquarters at Nashville, issued and delivered to Tilford A. Braswell, of Eddyville, Lyon county, an accident and sick benefit policy of insurance, effective from and after the hour of noon September 9, 1918, to continue in force so long as the premiums were paid in accordance with the terms of the policy. His wife, the appellee, Lillian W. Braswell, was named beneficiary in the contract. For death through accident in the ways specified in the policy, she was to receive $1,000.00, and after the policy had been carried for a certain specified time, the principal sum was increased yearly. In case of sickness the insured was to receive $25.00 per week. The insured, Tilford A. Braswell, died intestate on March 20, 1923, and his wife, appellee, Lillian M. Braswell, was duly appointed administratrix of his estate by the Lyon county court, and she thereafter instituted an action in the Lyon circuit court upon the policy to recover $1,000.00, the principal sum, and $500.00 increase therein, resulting from the carrying of the policy through four and one-half years, and $117.80, the amount of premiums paid by insured under certain terms of the contract, a total of $1,617.80. In the petition it was averred that the premiums stipulated in the policy had been duly and regularly paid by the insured to the company and that the policy was in full force and effect at the time of the accident to insured from which the insured died on the date above stated. The policy insured Braswell against "Loss of life, limb, sight or speech and hearing, resulting directly and independently of all other causes from bodily injury which is effected accidentally and through external and violent means, excluding suicide, sane or insane, herein called such injury, in the initial principal sum of one thousand dollars."

By answer the company traversed and put in issue all of the material averments of the petition including the accidental death of Braswell and the payment of premiums by him. By a second paragraph the company pleaded that the fall and injury, described in the petition, were not the cause of the insured's death but that he received other injuries on the 11th day of February, 1923,

which were intentionally inflicted upon him either by himself or by others on that date, and that Braswell at the same time drank a great quantity of whiskey which contained fusel oil and other poisonous substances, drinking to such an extent that he became greatly intoxicated and very sick and nauseated from the effects thereof; that the insured died from the effects of the alcoholic stimulants consumed by him and that his death was not accidental. Or, if not so produced, then his death was the result of injuries inflicted by himself or others, and that under the terms of the policy the company was not liable therefor; that the company was not liable in any event for the death of the insured caused or brought about through injuries intentionally inflicted upon him by himself or by others.

Both the petition and the answer were amended with leave of court. A reply was filed by the appellee to the amended answer of the company in which all the affirmative averments were put in issue. This reply, however, was not filed at the term at which the amended answer was filed, and indeed not until the next term and only two or three days before the calling of the case for trial, and this is one of the grounds of complaint which the insurance company now makes upon this appeal.

The facts surrounding the death of Braswell were proven by the administratrix to be as follows: The insured left his home at Eddyville, on Saturday or Sunday and went by the train to Paducah. He met some friends *en route* and they all went to the Riverview Hotel, where they had some intoxicating liquors; while he and two other persons were in one of the rooms of the hotel he sat upon the side of a bed with the liquor on the floor, not far from his feet; that he was intoxicated and when reaching for the bottle on the floor he lost his balance and pitched forward, his head striking the floor and a bottle or broken glass on the floor, cutting his head and face and inflicting such serious injuries that he immediately became unconscious, bled profusely, lingered, and in about two weeks died.

There was no evidence showing that the insured came to his death in any other way than as claimed by appellee, except that the appellant company introduced one or two witnesses who stated in substance that they saw the insured on the day he returned from Paducah to his home in Eddyville, and talked to him, or heard him talk, and that he stated in answer to questions as to how

he received his injuries, that he had been in an automobile accident. There was absolutely no evidence tending to show that the insured had brought about his own death, or that the wounds found upon his head and face were intentionally inflicted by others. Equally lacking was evidence in support of the averments of the answer of appellant company that he had died from the consumption of poisonous liquors.

Several grounds are relied upon by appellant for a reversal of the judgment, the first one being, "Error in refusing continuance on account of absence of the witness, Austin Bell."

When the case was called for trial the appellee, Mrs. Braswell, administratrix, announced ready, but the insurance company announced not ready and filed an affidavit in support of motion for continuance on account of the absence of Austin Bell. The affidavit stated that the affiant is advised that the witness, Bell, would state he had viewed the body of the insured after his death and found on him abrasions and marks indicating that he had been struck with the heel of a shoe. It does not state that this evidence when given by the witness would be true. The affidavit was, therefore, insufficient. On the facts made known to the trial court, an order was entered overruling the motion for continuance on the ground that the mover had not shown diligence. Certainly the affidavit was not sufficient to manifest diligence on the part of the company, and the court did not err in overruling the motion for continuance.

Appellant insists that its motion for a peremptory instruction should have been sustained. In this it is mistaken. The facts proven by the administratrix were entirely sufficient to warrant the court in submitting the case to the jury.

Appellant company complains that the court overruled its motion to require appellee to elect whether she would prosecute the suit in her individual capacity or as administratrix of the estate of her deceased husband. Again it is in error. As Mrs. Braswell was the beneficiary named in the policy she was entitled to recover upon it as an individual, if at all; and as the weekly sick benefits belonged to the estate of Braswell and not to her individually she was entitled to maintain an action against the insurance company in her official capacity as administratrix.

It is next complained that the trial court overruled motion to strike the reply to the amended answer filed on December 4, 1923, and to grant a continuance on account of the filing of the reply. This reply was filed in open court only a few days before the trial was commenced, and it was merely a traverse. Some of appellant's counsel were in the courtroom at the time of the filing of the reply and made no objection. The trial was in progress at the time appellant moved to strike the reply. The trial court concluded from the statement of counsel and facts known to it that appellant was not surprised to find that a reply had been filed. Even though one of appellant's counsel did not know of this fact, yet if two other attorneys representing it were present, as shown by the record, at the filing and knew of the filing, but did not object, it is not in position now to complain. We think this ground is not well taken.

It is lastly insisted by appellant that the court erred in permitting the attorney for the administratrix to make a statement in the presence of the jury concerning the payments of premiums on the policy, and to introduce in evidence four receipts showing such payment, when the receipts were controverted by the defendant and not supported by the evidence. The receipts for the premiums were presented by way of amended petition. The averment was made that all the premiums due on the policy had been paid up to the time of the death of the insured. In presenting the case for the appellant company to the jury, counsel for appellant stated that the only issue or question in the case was as to how the insured met his death. That is, whether he came to his death by accident or by intentional wrongdoing by himself or another.

Before appellee closed her evidence the court inquired of counsel if there was any controversy about the payments of premiums, to which question counsel for appellant answered in substance that if the administratrix was entitled to recover at all she was entitled to recover the whole amount sued for, and that there was no controversy about the payments of premiums. At this point counsel for appellee stated he did not desire to encumber the record with evidence on that subject if there were no controversy about it. At the conclusion of this colloquy the parties proceeded with the hearing of other evidence, but none was offered upon the question of the payment of the premiums until about the conclusion of the evi-

dence, after most of the witnesses had been excused, when counsel for appellant objected to the introduction of the receipts presented by way of amended petition. Having stated in open court in the presence of opposing counsel that there was no question about the payment of premiums due upon the policy, appellant is not now entitled to contend that there was no competent evidence upon the subject of the payment of dues. By its statement that there was no controversy about the payment of the dues, it led counsel for appellee to believe that it was unnecessary to introduce evidence upon the subject and thus encumber the record and take up the time of the court. The court did not err, therefore, in allowing the introduction of the receipts. In fact, there was no error in holding that it was admitted that premiums had all been paid.

We are of opinion that the trial was reasonably free from error and that substantial justice has been done.

Judgment affirmed.