## Bell County Board of Education v. Howard.

(Decided April 28, 1933.)

J. HENRY TAYLOR for appellant.

MARTIN T. KELLY for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

The appellee, Jakie Howard, brought this mandamus proceeding against the appellant, Bell County Board of Education, to compel it to pay him the salary alleged to be due him as superintendent of the county schools of Bell county for the months of March, April, and thirteen days of May, 1932, at which time he was removed from office. See Howard v. Bell County Board of Education, 247 Ky. 586, 57 S. W. (2d) 466. Judgment being entered for him in accordance with the prayer of his petition, the Bell county board of education has appealed.

Two grounds are relied upon for reversal:

First, that mandamus was not the proper remedy in this case. The authorities are directly to the contrary. In the case of Page v. Hardin, 8 B. Mon. 648, it was held that so long as a public officer continues in office, he is entitled under the law to receive his salary and that the writ of mandamus is an appropriate proceeding wherewith to enforce that right. See, also, O'Connor v. Weissinger, 142 Ky. 452, 134 S. W. 1127, and Cf. Hays v. Combs, 177 Ky. 355, 197 S. W. 788.

The second ground urged for reversal is that inasmuch as the answer of the appellant was a complete traverse of the allegations of the petition of the appellee, the court should not have entered judgment without hearing evidence. But the trouble with this contention is that the judgment recites that when the case came on to be heard, the court was advised as to the facts involved by statements of counsel for both sides, and by the records of the Bell County Board of Education which were read on the hearing of the motion for the writ of mandamus. It is settled that admissions or statements made to the court by an attorney relative to the matter in issue are binding on the client. Talbot v. McGee, 4 T. B. Mon. 375; National Life & Accident Ins. Co. v. Braswell, 209 Ky. 165, 272 S. W. 413. Counsel for the appellant has not brought to this court by a bill of exceptions what took place on the hearing of the motion when, as the judgment recites, the records of the Bell County Board of Education were read and statements of counsel made. Under familiar principles, it must be presumed that despite the traverse contained in appellant's answer, the evi-

·dence which was heard by the court and which is absent from this record fully supported the judgment entered.

The judgment is affirmed.