## Graves County v. Dowdy.

(Decided March 22, 1935.)

R. A. ROBERTS for appellant.

HOLIFIELD, McDONALD & BOAZ for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER— Reversing.

A. B. Dowdy has recovered judgment against Graves county for the sum of $864.05 with interest from January 10, 1934, as an alleged balance due him for compensation as poorhouse keeper, and the county is appealing.

The facts are that on October 6, 1931, the fiscal court adopted and entered an order or resolution in substance that the county pay to the poorhouse keeper

the sum of $15 per month for the maintenance, upkeep, board, clothes, and care of each inmate until further fixed by an order of court. On the same date the court selected a poorhouse keeper from a number of applicants for that position, and appellee having received a majority of votes of the members of the court, present and voting, was appointed for a term of two years beginning January 1, 1932. It was recited in the order that he receive the pay as per order of the court theretofore made. In the early part of 1932, a movement was started to reduce the salaries and compensation of officers and employees of the county and practically all, if not all, of the officials agreed to accept a reduction in salary as theretofore fixed. On June 2, 1932, appellee appeared before the fiscal court and asked that his pay for keeping inmates of the poorhouse be reduced from $15 per month to $14 per month, each, and an order providing for such reduction in his compensation was thereupon adopted and entered. At a special term of the fiscal court held on August 4, 1932, a further order was entered providing that the compensation of the poorhouse keeper be reduced to the sum of $12.50 each per month for keeping the inmates of the poorhouse.

For two or three months after the latter order was adopted by the court, appellee appeared before the court and presented his claim for $14 for the maintenance, etc., of each inmate of the poorhouse, but the court refused to allow such sum and only allowed the amount provided for in that order. There is evidence that he protested against this reduction in his compensation in open court and also to individual members of the court, but he testified that on the advice of the county attorney and others, he ceased to make out his claim in that way and accepted the sum of $12.50 per month for each inmate on the assurance that he could later recover the balance he claimed was due him.

Question is made concerning the sufficiency of some of the pleadings, but the conclusion we have reached concerning the merits of the controversy renders it unnecessary to enter into a discussion of those matters. Controversy was made in the court below concerning the authority of the fiscal court to adopt the last order to which we have referred, it being claimed by appellee that this order was adopted at a special session of court and that all the members had not been notified of the meeting as required by law, but little is said in briefs

for respective parties concerning that phase of the case. It appears in evidence that while one of the members of the court was absent when the vote was taken on the question of reducing appellee's compensation, all the members of the court were in fact present when the members assembled and were called into session, and it further appears that by the orders of the previous session, the court adjourned to meet on the day this order was adopted. It is therefore manifest that there was sufficient compliance with the requirements of the law respecting the meetings of the fiscal court.

It is the contention of counsel for appellant that appellee as poorhouse keeper was not a public officer, but that he was merely an employee or agent of the fiscal court, and as such his right to compensation was fixed and determined by the terms of the order employing him, and that under the terms of his employment the court specifically reserved the right to change the compensation by subsequent orders.

Counsel for appellee, on the other hand, argue with equal earnestness that appellee was a public officer and the fiscal court was without authority to change his compensation during the two year term for which he was elected or appointed, and they cite and rely on section 1840, Kentucky Statutes, and sections 161 and 235 of the Constitution, and a number of cases from this jurisdiction.

Section 1840 of the Statutes relating to the jurisdiction of the general powers of the fiscal court in so far as pertinent provides that such court shall have jurisdiction "to make provisions for the maintenance of the poor and provide a poorhouse and farm and provide for the care, treatment and maintenance of the sick and poor, and provide a hospital for said purpose, or contract with any hospital in the county to do so. * * *" It will be noted by reading this section of the statute that there is no reference to an office or position of poorhouse keeper, nor does the section expressly or by implication authorize or empower the fiscal court to create any office. As a matter of course, sections 161 and 235 of the Constitution, prohibiting the changing of the compensation of a public officer during his term of office, have no application unless appellee was in fact a public officer. The parties are in agreement on this proposition.

Counsel for appellant cite McCrocklin v. Nelson County Fiscal Court, 174 Ky. 308, 192 S. W. 494, 497, wherein it is said, "In other words, the duty which the law imposes upon the county to care for the indigent and helpless is a duty which it could not escape if it would," and concludes that one who performs under employment an essential duty so important and necessary is a public officer regardless of the fact that the position or office is not mentioned in the Constitution or statute. The statute, however, places this important duty and responsibility upon the fiscal court and clothes it with authority to make appropriations and all necessary provisions for carrying out its salutary purposes, but it does not create or authorize the court to create an office or to appoint or elect an officer to assume the powers and duties with respect to caring for the poor and indigent and thus relieve itself of the responsibility. Counsel also cite and rely on the case of City of Lexington v. Thompson, 250 Ky. 96, 61 S. W. (2d) 1092, 1093. In that opinion, among other things, it is said:

"It will be perceived, and which we are convinced is true, that a public service position, in order to be an office so as to make its incumbent an officer, must be created by the Constitution, or the Legislature or a municipality under authority conferred by the Legislature. It must possess or contain a delegation of a portion of the sovereign power of the government to be exercised by the incumbent for the benefit of the public, and the powers and duties must be defined by the authority creating the position, and must be performed by the incumbent independently and without control of any superior public power or authority other than that contained in the law creating the position, except the functions of a deputy officer, where the law provides for one, who acts under the direction and control of his principal and in the latter's name."

This quoted excerpt is conclusive and saves the necessity of further citation to demonstrate that appellee was not a public officer. It follows that appellee was merely an employee or agent of the court and his compensation was controlled by the terms of his employment. In the absence of a contractual agreement to the contrary, the fiscal court had a right to make a change in the compensation.

548

Fiscal courts are courts of record and may only speak through their records. We must therefore look to the orders of the court to determine the understanding and agreement under which appellee assumed the duties as poorhouse keeper. The order appointing him to the position provided that he should receive pay as per order of the court theretofore made, and the order theretofore made fixed the compensation as $15 per month for each inmate of the poorhouse until "further fixed by an order of this court." These orders brought to appellee notice that his compensation was subject to change by future orders in the discretion of the court. Appellant claims no contract or agreement other than these orders, and they clearly give to the court the right to make the reduction complained of. Whether the court by subsequent orders might have made a reduction which would have been unreasonable, arbitrary, and oppressive, we need not determine, since such question is not here presented.

Wherefore the judgment is reversed for proceedings in conformity with this opinion.