## Buechele v. Petty and Auditor of State of Kentucky.

(Decided Sept. 29, 1936.)

R. RUTHENBURG for appellant.

GEORGE J. MAYER, B. M. VINCENT, Attorney General, and GUY H. HERDMAN, Assistant Attorney General, for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY— Affirming.

On January 6, 1930, Hubbard R. Petty, sheriff of Jefferson county, appointed Dan Buechele, Sr., deputy sheriff at a salary of $2,000 a year. On February 1, 1933, Buechele's salary was reduced to $1,500 a year for the remaining eleven months of his term.

This action was brought by Buechele against Hubbard R. Petty and the state auditor to recover the difference between what he was paid and what he should have received at the salary fixed at the time of his appointment. Recovery was asked on the ground that the reduction of salary was in violation of section 161 of the Constitution, providing that the compensation of any city, county, town, or municipal officer shall not be changed after his election or appointment, or during his term of office, and on the further ground that the reduction violated the Fourteenth Amendment to the Federal Constitution. The demurrer to the petition having been sustained, the petition was dismissed, and the case is here for review.

It is unnecessary to consider the decisions at length. We held in City of Lexington v. Rennick, 105 Ky. 779, 49 S. W. 787, 50 S. W. 1106, 20 Ky. Law Rep. 1609, 1924, that section 161 of the Constitution applies only to officers elected or appointed for a fixed and definite term, and does not apply to officers removable at the pleasure of the appointing power. The rule was reaffirmed in the recent cases of Graves County v. Dowdy, 258 Ky. 544, 80 S. W. (2d) 597, and Stewart v. Kidd, 262 Ky. 90, 89 S. W. (2d) 861. The reason for the rule is apparent. If one holds office at the pleasure of the appointing power, he has no fixed right either to the office or the compensation attached thereto at the time of his appointment, but may be removed at any time, and then be reappointed at a different salary or other form of compensation. As the sheriff may revoke the appointment of a deputy at his pleasure, section 4560, Kentucky Statutes, Poague v. Culver, 5 Litt. 132, it follows that the reduction of appellant's salary did not violate section 161 of the Constitution.

As appellant had no fixed right either to the office or the compensation in force at the time of his appointment, it is not perceived how the reduction of his compensation amounted in any sense to a denial of due process of law within the meaning of the Fourteenth Amendment to the Federal Constitution.

Judgment affirmed.