# Riley v. Shannon, Auditor of Public Accounts.

(Decided Nov. 20, 1936.)

JOSEPH S. LAWTON and WILLIAM T. BASKETT for appellant.

B. M. VINCENT, Attorney General (J. J. LEARY, of counsel), for appellee.

OPINION OF THE COURT BY JUDGE PERRY—Reversing.

It appears that this is one of a series of twenty-four suits filed in the Franklin circuit court by the appellant, Viola Riley, and other former deputy county court clerks of Jefferson county, whereby they seek to mandamus the auditor of the commonwealth to draw his warrant in their favor for amounts representing the difference between their salaries as fixed by the order of the circuit judges and county judge of Jefferson county in 1930 and the salaries actually received by them during the years 1930 and 1931, or for an annual deficiency in their respective salaries of some $125 for each of the above-stated years.

Plaintiff's original petition sets out that she was appointed as deputy clerk at a salary of $1,500 per year, pursuant to an order made by a majority of the judges of the circuit court and county court of Jefferson county under authority of section 1762, Kentucky Statutes; further, that she held office during the years 1930 and 1931, but received as salary for her services rendered as deputy clerk during said two years only $2,750, or $250 less than the amount she was to receive under the aforesaid order. Further she alleges that the fees earned by the county clerk during these years and paid over to the auditor's office were sufficient, within the 75 per cent. thereof allowed him by law, to pay the expenses of his office, her salary, and that of the other deputies in full during these two years.

To the original petition a demurrer was filed, which it is stated was treated as a motion to make more spe-

cific, by requiring plaintiff to set out in detail the amount of the fees earned by the clerk and paid over during the two years, together with the amount of the salaries and expenses remitted to the clerk's office by the auditor.

An amended petition, insufficiently setting out the matters directed, was filed by appellant and demurred to. The court sustained this demurrer, when a second amended petition was filed, setting out in proper and specific form the material allegations as directed.

A demurrer was filed to this petition, which, after oral argument, was overruled.

However, it appears by brief of counsel that at such stage of the proceeding the case of Dan H. Buechele v. Petty, Sheriff, 265 Ky. 321, 96 S. W. (2d) 1010, was decided by the Court of Appeals, when, by reason of the Attorney General's interpretation of its holding, he moved to set aside the order of the court overruling the demurrer to the petition, which was sustained, with the result that a final order was entered sustaining the demurrer to the petition as amended and dismissing the same.

Because of such holding, this appeal is before us.

The pleadings, among other things, as above stated, alleged that during the year 1930 the fees collected by the county clerk and paid to the auditor were $157,-500.36, of which he was entitled to receive 75 per cent. for salaries and expenses of his office, or a total of $118,125.28; that the amount actually paid out by the auditor for salaries and expenses of the clerk's office for that year was $115,873.22, leaving a balance to the credit of the office for that year of $2,252.06, which was carried over to 1931 as a surplus to the credit of the office for the year 1930; that during the year 1931 fees were collected and paid over by the county clerk to the auditor in the sum of $147,549.44, of which he was entitled to receive 75 per cent. for salaries and expenses of his office or $110,662.08, but that the clerk received from the auditor for these purposes for the year 1931 only $108,-175.90, leaving a balance to the credit of the office for that year of $2,486.18, which was carried over to 1932 as a surplus to the credit of such office for the year, 1931, making a total surplus for the two years of $4,-738.24, which plaintiff alleged should be applied by the auditor to payment of the deficit in salaries owing plaintiff and the other deputy clerks for the two years 1931

and 1932. The petition further alleges that there was paid over to the auditor by the bondsman of W. G. Stiglitz, the county court clerk, the sum of $13,795.61, which represented additional fees collected and earned by the county clerk during the years 1930 and 1931 and not theretofore accounted for; that the clerk's office was entitled to 75 per cent. of this amount, or $10,346.70, making, when added to the surplus then on hand to the credit of the clerk in the auditor's office, a total surplus of $15,084.94 for the years 1930 and 1931, out of which plaintiff claims she is entitled to receive her salary in full, or that is the deficit of $125 for each of the years 1930 and 1931.

It appears that in the argument of defendant's counsel it was there, as here, contended, in support of the special and general demurrers to the petition: (1) That the appellant, as a deputy county clerk, has no right to maintain this action, but that it should be brought in the name of the former clerk under whom she served; (2) that the sum of $13,795.61, paid to the auditor in August, 1932, was not available to pay salaries and expenses for the years 1930 and 1931, because such sum was not paid in during the official term of the clerk, the then county clerk, Stiglitz, having resigned before his term, beginning in January, 1930, expired; (3) that surplus in the clerk's office for one month cannot be applied on a deficit in salaries for succeeding months, or, in other words, that the month is the unit for determining the amount available for salaries and not the term; and (4) that, as a deputy county clerk was removable at pleasure, having no term, he cannot complain because he has received less salary than that fixed by the judges when he was appointed, such being the rule, it was contended, that was announced in the Buechele Case, supra.

In brief of counsel it was stated that all of the above points, except the fourth, were held to be without merit and overruled by the trial judge, but that, solely on the authority of the Buechele Case, he sustained a demurrer to the amended petition.

In reviewing these matters, we will first consider the fourth, or last, of these points made, that the rights of appellant as here presented were controlled by the decision in the Buechele Case.

We are of the opinion that the learned trial court

erred in such interpretation of the holding in that case as being here in point and controlling.

A reference to the opinion therein delivered shows that that action was brought by Buechele against Petty and auditor of the state of Kentucky to recover the difference between what he received and the salary fixed at the time of his appointment, on the ground that the reduction of salary was in violation of section 161 of the Constitution, providing that the compensation of any city, county, town, or municipal officer shall not be changed after his election or appointment, or during his term of office, and on the further ground that the reduction violated the Fourteenth Amendment to the Federal Constitution.

The court there, in overruling such contention, upheld the lower court's ruling in sustaining the demurrer to the petition and its dismissal, saying:

"We held in City of Lexington v. Rennick, 105 Ky. 779, 49 S. W. 787, 50 S. W. 1106, 20 Ky. Law Rep. 1609, 1924, that section 161 of the Constitution applies only to officers elected or appointed for a fixed and definite term, and does not apply to officers removable at the pleasure of the appointing power. * * * The reason for the rule is apparent. If one holds office at the pleasure of the appointing power, he has no fixed right either to the office or the compensation attached thereto at the time of his appointment, but may be removed at any time, and then be reappointed at a different salary or other form of compensation."

The question presented there, it is manifest, is different from that here before us, where appellant is not claiming that the change made in her salary during the years 1930 and 1931 is invalid under section 161 of the Constitution, but, rather, she is claiming that she is entitled to receive the salary fixed under the express provisions of sections 1761 to 1769 of the Statutes (Ky. Stats. 1930, and Supp. 1933), expressly authorizing the payment of $1,500 a year to her and that she is now entitled to recover the deficiency in her salary occurring during the years 1930 and 1931, as the same had been duly fixed by the order of the judges of the circuit and county courts under the provisions of section 1762 (Ky. Stats. 1930), and had not been reduced by any further order of the judges.

It appears that a like question was before this court in the case of Meriwether v. Summers, 179 Ky. 437, 200 S. W. 619, where it was held that deputy clerks of court have the right to look to the fees of the clerk's office that remain unpaid at the expiration of the clerk's term for the payment of any salaries due and unpaid them; also, that although under Ky. Stats. 1930, secs. 1761 to 1767, it is the duty of a clerk of court to collect fees earned by his predecessor and report to the auditor that they were fees earned by his predecessor, he is not liable to deputies of his predecessor who are entitled to unpaid salaries therefrom, he being accountable only to the auditor, to whom such deputies must look for their unpaid salaries.

The facts appearing in that case and set forth in the petition were that, when the term of office of the appellee W. L. Weller, Jr., as circuit clerk, expired, his salary and the ordinary expenses of the office had been paid in full, but that salaries due the appellants, his deputies, amounting in the aggregate to more than $10,000, were unpaid. Weller was succeeded in office by the appellee Louis Summers, who continued in the office for a full term of six years. When Weller went out of office, many cost or fee bills earned during his term of office had not been collected, and remained unpaid, until collected by his successor, Summers. From time to time during Summers' term of office these costs or fee bills, or such of them as were collectable, were paid by the persons owing them to Summers, who was authorized by law to receive them. These costs and fees Summers reported and paid to the state auditor, as required by law, but he failed, however, as alleged in the petition, to indicate in his reports to the auditor, as required by law, that the moneys so received by him were the fees and costs earned by Weller and his deputies.

Upon such facts the court held that clearly, under the provisions of sections 1761-1767, Kentucky Statutes 1930, the appellants, as deputies of Weller, had the right to look to the earnings of the office under Weller's administration that remained unpaid at the expiration of his term for the payment of any salaries due and unpaid them for services rendered Weller while clerk.

The facts in that case are quite analogous to those here before us, and in our opinion are so similar as to bring the present case within the rule there announced,

270

that deficiencies of payment in the salaries of deputy clerks should be paid out of the later collections by the clerk of fees, etc., earned by the former clerk under whom the deputies rendered the services for which compensation was asked. Also, it was held that in that situation the clerks should have looked to the auditor for the deficiencies in their salaries, and that, while it was not necessary to decide, nor was it decided, that a proceeding by mandamus against the auditor would have compelled the payment by the latter of their salaries, resort to that remedy would have afforded appellants proper means of determining their rights.

Therefore, so viewing the facts of the instant case, it is our conclusion that the learned chancellor erred in sustaining the demurrers to plaintiff's petition, and for such error the judgment is reversed, and the cause remanded for further proceedings consistent with this opinion.