## Muenninghoff et al. v. Bartholomew, Constable.

(Decided June 1, 1937.)

LAWRENCE S. GRAUMAN, County Attorney, and STUART E. LAMPE, Assistant County Attorney, for appellants.

EDWARD A. DODD and DODD & DODD for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER— Reversing.

The justices of the peace, constables and deputy constables of Jefferson county are controlled by the provisions of section 1083a-1 et seq. of the Statutes, which are the various sections of chapter 147 of the Acts of 1932. Under the terms of section 1083a-2, all fees, costs, and other money collected by those officers for or in the performance of their respective duties become a part of the general fund of the county. There is a recorder for each magisterial district whose duty it is to receive that money and keep a proper record thereof. He is required by section 1083a-7 to furnish the fiscal court, in the manner and form prescribed by it, a sworn statement each month showing the sums so received during the preceding month from the administration of the offices of the justices of the peace, constables, and deputy constables, and to pay over the amount to the county treasurer. His records must be such that from time to time the correct amounts received or due and not received may be ascertained. Section 1083a-9 fixes the salary of the constable at $2,400 per annum to be paid in equal monthly installments out of the general fund of the county, and of each deputy constable at $1,500 a year payable in the same way, "provided, however, that in no event shall the amount paid to any constable or deputy constable for any month exceed the amount paid into the general fund of said county by the said constable or deputy constable, pursuant to section (2) [Ky. Stats. sec. 1083a-2] hereof, during the preceding month."

In Commonwealth v. Bartholomew, 265 Ky. 703, 97 S. W. (2d) 591, these several sections of the statute were construed as regulating the office of constable, including the payment of the salaries of the constable and his deputies, as a unit and as meaning that he and his deputies collectively should earn in the performance of their duties enough to meet the monthly payment of the salaries of all of them.

The same appellee, A. J. Bartholomew, the constable for the Third magisterial district of Jefferson county, brought this suit against the county commissioners, praying a writ of mandamus commanding that each of them individually, and that they collectively, as constituting the fiscal court, pay him $200 as representing the fees he had earned during the preceding month of September, 1936, out of the funds paid into the county treasury by himself and deputies. It is alleged

that the sum so received aggregated $580.96, while total monthly salaries amounted to $575. It was made to appear that Ben F. Ewing, county judge, and George C. Burton, one of the commissioners, had voted to approve the payment of the salary, while Joseph Muenninghoff and Allen R. Carter, the other two commissioners, had voted against doing so; the deadlock preventing affirmative action as a body. No defense was interposed by the first two named members, but Messrs. Muenninghoff and Carter filed demurrers and a joint answer denying the right of plaintiff to receive the salary or to the relief sought.

By the first paragraph of the answer, some of the averments of the petition were denied, but they were largely legal conclusions or constructions of the applicable statutes. In the second paragraph, the answering defendants asserted that they had respectively exercised judicial discretion in rejecting the claim of the plaintiff to the salaries sought to be recovered and that their action in this respect could not be controlled by mandamus. The third paragraph alleged that prior to September, 1936, an audit of the records of the magisterial district in which the plaintiff served revealed that on three different months in 1935 and 1936 the plaintiff had been overpaid for his services as constable the aggregate of $146.56, which he had refused to refund. This, it was said, the fiscal court was entitled to have set off against any proper claim of the plaintiff for his salary for September, 1936.

Justification for refusing to allow the plaintiff's salary was further based upon the allegation, in substance, that included in the account of collections out of which the plaintiff was claiming the right to be paid were numerous deposits of $1 required by section 1083a-11 to be collected by justices of the peace upon the filing of each original civil action or proceeding; no other costs having been collected in those actions. The calculations of salaries of the constable and his deputies in the report of the recorder are charged to be erroneous to such extent. It was asserted that no part of these cost deposits should be credited to the account of his salary for that month. In the alternative, it was pleaded that in no event could there be considered more than a sum equal to the proportion which the constable's fee for serving process in each particular action bore to the total court costs and fees. It is alleged.

that, applying only his proportionate share of these deposits, he lacked $54 of having earned $200 in that month.

Upon the joining of the issues, evidence was taken which, for the purposes of the decision, both in the circuit court and here, may be said to be as stated in the pleadings thus outlined, except as to the $1 costs paid. The record does not disclose what they amounted to or what the division would be if allocated ratably between the magistrate and constable.

The trial court sustained a demurrer to the second and third paragraphs of the answer and granted a writ of mandamus against the four members of the fiscal court, individually and collectively, directing them to allow the plaintiff's claim for his salary for the month of September, 1936. Commissioners Muenninghoff and Carter appeal.

The appellants predicate their argument that the court erred in sustaining a demurrer to the second paragraph of their answer and in granting the writ of mandamus upon the ground that they had acted judicially and exercised a discretion vested in them in denying the claim of the appellee. This is upon the idea that it was an unliquidated claim, the amount due him as salary being in dispute. The appellee concedes this general proposition of law where general claims of creditors are involved or where the validity of the authority to act is questionable. Such, it seems, were the conditions in the several cases cited by the appellants where this court so ruled. But we think that no such discretionary right existed in this case. The statute fixes the constable's compensation, which is to be ascertained in a particular way. Beginning with Page v. Hardin, 47 Ky. (8 B. Mon.) 648, it has been held that a public officer is entitled, under the law, to receive his salary and that the writ of mandamus is an appropriate remedy with which to enforce that right. Bell County Board of Education v. Howard, 248 Ky. 766, 59 S. W. (2d) 982; Riley v. Shannon, Auditor, 266 Ky. 265, 98 S. W. (2d) 906. We concur in the view of the trial court that when the recorder has filed the statement in the manner and form directed and required by the statutes and the fiscal court, and has paid over the money collected to the treasurer, that record is conclusive in the absence of fraud or mistake. When that has been done, it is merely a matter of inspection,

with minor calculations, to ascertain the amount the constable and his deputies are entitled to under the law. Approving the claim for payment becomes a ministerial act and not the exercise of judicial discretion.

But here the accuracy of that report is questioned. There was credited to the account of the constable by which his salary for the month of September was to be ascertained all collections of $1, initial or advance payment of costs in each suit filed in the court of the justice of the peace. It appears that the fiscal court had some time previously provided for this by an order directing that such disposition of these collections be made. The defendants challenged the construction of the statute by which that has been done. That statute (section 1083a-11) is as follows:

"The justices of the peace shall collect, upon each original civil action or proceeding commencing with original process in the courts conducted by them within the said magisterial districts, the sum of one [$1.00] dollar, which sum shall be collected when each action or proceeding is filed, and applied as a credit upon the costs accruing in the respective actions or proceedings, and upon receipt or collection shall become a part of the general fund of the county, and shall be reported and disposed of as provided in sections 2 [K. S. sec. 1083-2] and 7 [K. S. sec. 1083a-7] of this act [1932, c. 147, sec. 11]."

The validity of this statute was declared in Shaw v. Fox, 246 Ky. 342, 55 S. W. (2d) 11.

Formerly, as in other counties, the magistrates and constables were paid by fees only. The Act of 1932 (chapter 147), now published as sections 1079, 1083a-1, et seq., Statutes, reorganized the courts of the justices of the peace in counties containing a population in excess of 250,000, and placed the magistrates upon a fixed salary of $4,000. However, the magistrates, as theretofore, are still required to tax and collect the fees and costs as established by the statutes. Those costs are now turned into the general fund of the county out of which their salaries are paid. The salaries of the constable and their deputies are likewise fixed definitely; but their right to receive the same is dependent upon the amount of fees or costs collected for services rendered by them and turned into the general fund.

It is to be observed that the statute makes no allocation of the dollar collected at the commencement of the action as between the magistrate and the constable. This omission makes it necessary to resort to presumptions or implications in order to ascertain the legislative intent. Inasmuch as it was the purpose to require the constable to earn his compensation monthly, there can be no doubt it was intended that he should at least share in this advance payment of the costs if he rendered any service in that particular case. Where the balance of all costs in a given suit are ultimately collected, he participates (in effect) in the distribution of this $1. So he ought to have part of it where the balance of the costs are not collected. As to the magistrate, the fees earned by him and once going into his pocket now go into the county treasury. It is reasonable, therefore, to find an intention for a division of this money as between county and the constable. The problem still remains as to whether the division should be ratably according to the entire services of the two officers when the litigations shall have ended or otherwise. Sections 1720 and 1731 fix the fees of a justice of the peace for issuing a summons, making a copy, and entering a return thereof at 50 cents, if the amount in controversy is $50 or less, and at 60 cents if it is more. Section 1733 fixes the constable's fee for serving that summons on each defendant at 50 cents. Of course, there may be other fees collectible, such as for issuing an attachment and more than one summons and serving them at the beginning of the suit. But it seems to us that this $1 was intended to take care of the first services rendered by these officers at the commencement of the usual case, which generally involves only the issuance and service of one summons. Hence, that it was intended to cover 50 cents for the justice of the peace and 50 cents for the constable. We conclude, therefore, that the account of the constable should be credited with 50 cents instead of $1 in each of such cases and his salary should be calculated and paid accordingly.

It does not appear in the record what the result would be if that had been done for the month of September, 1936. The answer alleges if no part had been credited to the constable he would be entitled to only $156. If that is so (as must be assumed for purposes of the demurrer), the appellants, as members of the

fiscal court, were justified in refusing to approve the payment. Hence the circuit court erroneously sustained the demurrer to the extent indicated and awarded mandamus compelling them to do so.

We cannot concur in the contentions of the appellee that any deficit between his earnings and $200 in any month may be made up out of a surplus accumulated in other months of the year. While his salary is stated to be $2,400 a year, it is specifically provided that in no event shall he be paid an amount in any month exceeding the sum paid into the general fund on account of his services for that month. A proviso such as this in an enactment will be construed to restrain or qualify the preceding general terms. Head v. Jacobs, 150 Ky. 290, 150 S. W. 349; 25 R. C. L. 987.

In respect of the contentions of appellants that there should be set off against the appellee's present claims amounts paid him in three different months over and above the sums paid into the treasury during those months for his services aggregating $146.50 as was held by the trial court, the two members of the commission do not constitute the fiscal court, which must speak, act, and claim as a body. It is not shown that the fiscal court as such was asserting a set-off against the claim of the plaintiff for his salary.

The judgment is reversed for proceedings consistent with this opinion.