## Criswell v. Stratton & Terstegge Co., Inc.

Oct. 30, 1942.

M. C. Redwine and Gene Lair for appellant.

Rodney Haggard and D. L. Pendleton for appellee.

OPINION OF THE COURT BY MORRIS, COMMISSIONER—
Affirming.

This is a second appeal and as the former opinion, reported in 290 Ky. 64, 160 S. W. (2d) 137, recites the issues raised by the pleadings and the evidence adduced thereon, they will not be repeated here except insofar as it may be necessary for the proper consideration of this appeal.

Despite the fact that the question of tender passed out of the picture for the reason given in the first opinion, which is now the law of the case, defendants directed a considerable portion of their proof to the proposition that the plaintiff agreed with them that they might return all goods which were not sold within a reasonable time. However, it is not necessary to consider this question again.

The only question the former opinion left in the case is the factual one of whether or not plaintiff agreed with Criswell to release him from all partnership liability in consideration of his returning the goods from the Paris

store at a discount of 10%, and paying the balance due by that store. It was there written that if the evidence was substantially the same on another trial, the court would direct a verdict against both the defendants at the conclusion of their evidence. The court, being of the opinion that the evidence on the second trial was substantially the same as that heard on the first trial, directed a verdict in favor of the plaintiff. Rushmeyer being financially irresponsible is not complaining, and this appeal is prosecuted only by Criswell.

It is insisted by Criswell that the court erred in: (1) Not granting a continuance and in refusing to let him read his affidavit as to what an absent witness would testify; (2) calculating interest on the account to date of judgment and having judgment include both principal and interest; (3) ruling on evidence; (4) peremptorily instructing the jury in favor of the plaintiff.

The motion for continuance on account of the absent witness, Mark Scott, was supported by the affidavit of Criswell, which purports to give the facts to which Scott would testify. The affidavit is fatally defective in that it fails to state affiant believes the evidence when given by Scott would be true. Therefore, the court did not err in overruling the motion and in refusing to let the affidavit be read as the testimony of the absent witness. Civil Code of Practice, sec. 315; National Life & Accident Ins. Co. v. Braswell, 209 Ky. 165, 272 S. W. 413; Mulligan v. Phelps Const. Co., 261 Ky. 457, 88 S. W. (2d) 23.

This action was filed on October 19, 1938, and judgment was rendered for $2,928.88 to which the court added interest to date of judgment, making it aggregate $3,-544.48. As the judgment for this sum drew interest from day of entry, Criswell complains that the interest was compounded. Such contention is not sound, as will be seen from an examination of KRS Section 360.040 (K. S. Section 2220), and cases construing it. Bauer Cooperage Co. v. Ewell & Smith, 149 Ky. 838, 149 S. W. 1137, at page 1140; Williams v. Denny, 238 Ky. 662, 38 S. W. (2d) 668, and many other cases which could be cited, are to the effect that it was not error to calculate interest on a debt to day judgment is rendered and include such interest in the judgment which bears interest from date of entry, and such procedure conforms to KRS Section 360.040 (K. S. Section 2220).

Criswell mildly complains in his brief of the alleged erroneous rulings of the court in fifteen instances on the admission or rejection of testimony. We have taken the pains of examining each of these rulings and without going into a discussion as to whether or not the court erred in any of them, it will suffice to say that none of these rulings covered evidence on any material point. If any of these fifteen rulings were erroneous, by no stretch of the imagination can it be said that defendants were prejudiced thereby.

We come now to the crucial question; was the testimony on the second trial substantially different from that heard on the first trial relative to Criswell's contention that in consideration of his returning to plaintiff the goods in the Paris store at a 10% discount, the plaintiff would release him from all partnership liability? On the first trial there was no evidence introduced on behalf of Criswell that these goods were returned at this discount in consideration of plaintiff releasing him from partnership liability. Nor does the record of the second trial show any such evidence.

Three additional witnesses testified for defendant on the second trial, J. P. Waggoner, Ward Hill and Brooks Barnes, the former two being in Criswell's employ when the goods were returned, and the latter was a customer who happened in the store while they were being packed preparatory to being returned. Rushmeyer, whose deposition was excluded on the first trial, also testified for the defendant on the second trial.

Waggoner's testimony was that Cotten (a representative of plaintiff) while taking up these goods said, "that the stuff shipped back he (Criswell) would get credit for it and that would cut him loose." Hill testified he heard Cotten on the same occasion say, "that (the return of the goods) would release Mr. Criswell of all responsibility." Barnes heard Criswell say, in the presence of Cotten, "they are taking that stuff back and he was getting out from under this mess of a load." Rushmeyer's testimony did not deal with the terms and conditions under which the goods were returned from the Paris store.

Criswell testified on the second trial that "they were going to take them back and give me credit on the account;" that he phoned Atkinson, sales manager of the

plaintiff, that he "wanted to get the goods out of the store, get squared up with them." After this conversation with Atkinson, Criswell asked Cotten while checking out the goods, "I asked him how much credit I would be given and he said he didn't know until checked up then I would be given credit." Criswell testified that the 10% discount covered the handling charges.

Neither Criswell nor any witness testified that in consideration of the goods being returned from the Paris store at a discount of 10% the plaintiff agreed to release him of his partnership liability. The most any of the testimony shows is that the account of the Paris store was to be credited by the return of the goods. This falls far short of releasing Criswel from his partnership liability. As a partner of Rushmeyer, he was obligated for what the Winchester store operated by Rushmeyer owed the plaintiff; and the testimony on the second trial, like that introduced on the first fails to prove any agreement releasing Criswell from this liability.

A reading of the record discloses no substantial difference between defendant's evidence on the two trials. Therefore, the court at the conclusion of defendants' case, they having the burden of proof, properly directed a verdict for plaintiff.

Judgment affirmed.