Ted N. WHITE, Appellant,

v.

**BOARD OF EDUCATION OF SOMER-
SET INDEPENDENT SCHOOL DIS-
TRICT; Charles E. Harris, Individually
and as Superintendent of the Somerset
Independent Schools, Appellees.**

Court of Appeals of Kentucky.

Aug. 23, 1985.

Discretionary Review Denied and Opinion
Ordered Published by Supreme Court
Oct. 23, 1985.

Arthur L. Brooks, Charles K. Conrey,
Brooks, Coffman & Fitzpatrick, Lexington,
for appellant.

John G. Prather, Jr., Law Offices of John
G. Prather, Somerset, for appellees.

Before HAYES, C.J., and MILLER and
REYNOLDS, JJ.

MILLER, Judge.

Appellant, Ted White, appeals from a
Pulaski Circuit Court order dated Novem-
ber 9, 1984, granting appellees' motion for
summary judgment under CR 56.

White has been employed as a distribu-
tive education teacher by the Somerset In-
dependent School District since 1972. He
is a tenured teacher and is paid in accord-

ance with a standard salary schedule. KRS 161.720–.810. White became eligible for additional compensation pursuant to an extended employment plan which is designed to enable teachers to provide additional services which cannot reasonably be provided during the school year. Under this plan, teachers are enabled to work and receive pay beyond the actual school term of 10¼ months. White worked the standard 185 days during the 1982–83 school year, plus an additional 55 days of extended employment during the summer. Sometime during that school year, the Kentucky State Board of Education, in response to certain revenue adjustments, proclaimed that state funding for the extended employment plan would be reduced and the various school districts were so notified.

At the April 14, 1983, board meeting of the Somerset Independent School District, Charles Harris, superintendent, recommended that the state plan be adopted. His recommendation was voted upon and approved. We are advised by briefs that the state guidelines provided that state funding would be available to the extent of five days extended employment for each 10 students under a teacher's supervision, not to exceed 55 days. White, having 30 students under his supervision, was thus eligible for a maximum of 15 days extended employment. In a letter dated May 10, 1983, White was advised of this change. He filed suit in the Pulaski Circuit Court on July 15, 1983, alleging that the reduction in extended employment days and resulting decrease in salary was void due to the board's failure to comply with the specific notice provisions of KRS 161.760(3). The trial court ruled that White's salary reduction was timely and in accordance with a uniform plan affecting all teachers in the entire district as provided in KRS 161.-760(1); hence, the school board was entitled to judgment as a matter of law.

In reaching its decision, the trial court reasoned that the state mandate reducing the funding for extended employment services constituted a reduction in salary applicable to all teachers and administrators as provided in KRS 161.760(1). That stat-ute, in relevant part, provides that a teacher's salary shall not be reduced *"unless such reduction [is] a part of a uniform plan affecting all teachers in the entire district."* (emphasis added). Having reached this conclusion, the trial court ruled the notice provisions of KRS 161.-760(3) were inapplicable, relying upon *Preuss v. Board of Education of Daviess County,* Ky.App., 667 S.W.2d 391 (1984).

■ Appellant maintains that this reliance is misplaced inasmuch as KRS 161.-760(1) was amended after the *Preuss* case arose. Formerly, the section provided a teacher's salary could not be reduced unless it was "a part of a uniform plan affecting the entire district." While we are inclined to agree with the appellant's argument, it is not a basis for condemning the decision of the trial court inasmuch as it was not necessary for the court to rely upon *Preuss* in reaching its decision. Consequently, we are bound to affirm the decision of the trial court under the rule that a correct decision shall be upheld notwithstanding it is reached by an improper route or reasoning. *See Entwistle v. Carrier Conveyor Corporation,* Ky., 284 S.W.2d 820 (1955); *Kessee v. Smith,* 289 Ky. 609, 159 S.W.2d 56 (1941).

The clear wording of the statute mandates that reductions in salary which are a part of "a uniform plan affecting all teachers in the entire district" may be had without the specific notice required in subsection (3); this latter section is designed to give notice only to those persons who have suffered a reduction in responsibility and corresponding reduction in salary outside of an overall plan affecting all teachers.

■ Essentially, we are called upon to determine the legislative meaning of the phrase "a uniform plan affecting all teachers in the entire district." We do not deem this to mean that every teacher must suffer a like impact from a plan, or indeed any impact at all. Rather, we believe it to mean that a plan encompassing every teacher is valid notwithstanding that some teachers may be situated outside the scope of impact. Neither the authorities cited by the appellant nor any authority to which

we have been directed requires the specific notice of the nature of that provided in KRS 161.760(3) as a condition precedent to implementation of a state-mandated plan encompassing all teachers simply because some teachers are affected more than others or perhaps some teachers are not affected at all. Therefore, we conclude—as did the trial court—that the treatment of the appellant was in conformance with all statutory requirements.

The board contends that injunctive relief is not the appropriate remedy for enforcement of the Teacher's Tenure Act. KRS 161.720–.810. This contention is without merit. A teacher's salary is established and paid by public officials and, as such, injunctive relief in the form of mandamus is an appropriate means of enforcing rights to salary during a teacher's tenure in office. *See Bell County Board of Education v. Howard,* 248 Ky. 766, 59 S.W.2d 982 (1933), and *A.B.C. Federation of Teachers v. A.B.C. Unified School District,* 75 Cal.App.3d 332, 142 Cal.Rptr. 111 (1977). It is universally held that mandamus lies to compel performance of a ministerial act. *See* 52 Am.Jur.2d *Mandamus* § 74 (1970).

For the foregoing reasons, the judgment of the Pulaski Circuit Court is affirmed.

All concur.